MARCOS, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.·

RECURSO gubernativo contra resolución del Registrador de la Propiedad de San Juan, Sección 1ª

No. 138.—Resuelto en marzo 5, 1913.

INSCRIPCIÓN DE DOS CASAS SOBRE UN MISMO SOLAR.—Aunque la Ley Hipotecaria no exige que las casas se inscriban, bastando con la inscripción del solar, sin embargo, ha sido la práctica corriente inscribir las edificaciones, y el dueño de un solar que construye dos casas separadas sobre el mismo y marcadas con diferente número de calle, no está obligado a inscribirlas separadamente.

Los hechos están expresados en la opinión.
Abogados del recurrente: *Sres Bosch y Soto.*
El registrador no compareció.
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.
Francisco Marcos Purón, que era dueño de un solar radi-

cado en la Marina, otorgó en 31 de diciembre de 1912 un acta sobre edificación ante notario sobre cierta construcción que tenía en proyecto, en cuya escritura hizo constar que había destruído dos casas de madera techadas de zinc y enclavadas en dicho solar, fabricando en su lugar otras dos que describía en el acta, siendo su intención que tales edificaciones se hicieran constar en la correspondiente inscripción. Al ser presentada esta escritura de acta de edificación al registrador de la propiedad, denegó éste su inscripción consignando la siguiente nota:

"Denegada la inscripción del precedente documento por los motivos siguientes:

"Primero. Porque en él se pretenden inscribir como una sola finca, dos casas separadas y marcadas con diferente número de gobierno, las cuales han de formar con su solar respectivo dos fincas urbanas distintas a las que han de darse números diferentes en el registro, inscribiéndose cada una en la forma que determina el artículo 8°. de la Ley Hipotecaria; y

"Segundo. Porque apareciendo, según el registro, edificada en el solar de que se trata una casa, no se determina si ésta es una de las dos a que el título se refiere, o si por el contrario esas han de inscribirse a más de la ya inscrita, en cuyo caso resultarían tres fincas distintas."

La Ley Hipotecaria no exige que las casas deban ser inscritas, pero ha sido la práctica corriente de los registradores el inscribir los particulares referentes a las edificaciones de una finca con el fin de la mayor claridad e identificación de las fincas, cuya práctica ha sido aprobada por la Dirección General de los Registros en su resolución de 22 y 31 de agosto de 1863. La cuestión relativa a si determinada finca ha sido dividida en dos o más, es en parte una de hecho, pero demuestra principalmente la intención del dueño.

En el caso que está sometido a nuestra consideración, no existe ninguna otra prueba que demuestre que éstas son dos fincas distintas, a menos que sea la que se refiere a que una de las casas está situada en la Calle Nueva, marcada con el nú-

mero *dos*, y la otra en la Calle de la Princesa y señalada con el número *nueve*. Pero de esta especificación no resulta que la finca haya sido dividida en dos solares distintos. De la misma acta sobre edificación aparece que no hubo intención de hacer división alguna, puesto que el apelante alega que lo que hizo fué solamente relacionar las edificaciones que había en su propiedad y que ya estaban inscritas. No existe precepto alguno en la ley que exija a un propietario dividir su finca en dos o más, por el mero hecho de que construya dos edificaciones distintas en la misma.

Además, creemos que resulta bastante claro del acta de edificación, el hecho de que las dos casas que fueron construídas ocuparon el lugar de las otras dos que allí existían y que las dos que fueron destruídas eran las únicas que allí había.

Teniendo en cuenta lo expuesto anteriormente, y siguiendo la práctica establecida, entendemos que el registrador estaba en la obligación de hacer la inscripción de la referida escritura sobre edificación, y por la presente así se le ordena.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.