**El Pueblo de Puerto Rico**, demandante y apelado, *v.* **Luis Vega Cruz**, acusado y apelante.

*Número:* CR-76-14      *Resuelto:* 23 de julio de 1976

*Jaime Rivera Torres,* abogado del apelante; *Miriam Naveira de Rodón, Procuradora General, Roberto Armstrong, Jr., Procurador General Interino* y *Mario L. Paniagua, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: En sustitución de la transcripción de evidencia el apelante presentó, de acuerdo con Resolución de este Tribunal, una relación narrativa de la evidencia debidamente certificada.

■■■■ Según se relata en el documento antes mencionado, el apelante estaba jugando dominó en un negocio sito en un Barrio de Sábana Grande. Al llegar al negocio el agente encubierto Alfredo Ortiz, uno de los cuatro que jugaban se levantó. El agente ocupó el sitio del jugador que abandonó el juego. "Luego de haber jugado varias partidas de dominó sin haber ganado, el agente le dijo a Guillo [el acusado] que según estaba 'salao' con los números estaba con el dominó." El acusado le preguntó a quién le estaba jugando el agente, éste le contestó que a Cheíto pero que la suerte no estaba de su parte. Relata que "jugó dos números". Se expresa en la relación narrativa: "[El acusado] le indicó que si quería probar con él un número, el agente dijo: 'mira a ver si tiene 3 hojas del 458 y 3 hojas del 459.' " [1] El agente pagó $6.00 y el acusado guardó la libreta en el automóvil.

---

[1] El Procurador General en escolio que aparece a la pág. 2 de su informe expresa:

"No podemos evitar destacar la similitud tan extraordinaria existente entre el resumen de la prueba contenido en el alegato del apelante y la exposición narrativa de la prueba a pesar de haberse ésta preparado con posterioridad a la radicación del referido alegato."

De los autos surge que la exposición narrativa de la prueba fue notificada al fiscal y que la misma fue debidamente aprobada por el juez que presidió la vista del proceso conforme el procedimiento establecido en la Regla 208 de las de Procedimiento Criminal.

Con relación a este apuntamiento y con referencia a los trámites conducentes a la preparación de una Exposición Narrativa de Prueba conforme dicha Regla en armonía con la Regla 15 (d) de nuestro Reglamento, consideramos apropiado destacar la responsabilidad indeclinable del Ministerio Fiscal de velar porque dicha exposición refleje fielmente la sustancia de las declaraciones de los testigos y todas las incidencias ocurridas en el

No se presentó en evidencia prueba documental a pesar de que el agente hizo referencia a "hojas", y se relata que el acusado guardó una libreta en el auto.

Al acusado le falta una pequeña parte del dedo índice de la mano izquierda. Sin embargo, el agente no hizo constar este hecho en el informe que rindió sobre esta transacción. En la relación narrativa se expresa además que "la descripción ofrecida por el agente de los otros dos jugadores en la mesa fue vaga e imprecisa." Se hace referencia también a que el agente "jugó 4 partidas de dominó de a 100 tantos pero no supo decir cuantos tantos tiene un juego de dominó, ni cómo se daban los pases en los juegos que jugaron."

■ Una y otra vez hemos expresado que el agente encubierto es una institución necesaria para perseguir el crimen, pero también hemos dicho que dada la forma en que trabajan y la evidencia que aportan, debe tenerse cuidado en que los datos que proporcionan lleven a la mente del juzgador la convicción de que están diciendo la verdad. Es la manera de conservar la confianza en esta institución tan necesaria. ¿Como es posible pensar que un agente que interviene con un vendedor de bolita, no haga referencia al hecho de que le faltaba la parte de un dedo cuando había estado jugando dominó con él? Ciertamente debió haber hecho una descripción bastante adecuada de los otros dos compañeros. Si a esto le añadimos que no presentó evidencia material alguna, a pesar de que en su testimonio el agente mencionó "hojas" de números y una libreta, es razonable concluir que no se probó el delito más allá de una duda razonable. Como expresamos en *Pueblo* v. *Serrano Nieves*, 93 D.P.R. 56, 60 (1966):

"No cumpliríamos con nuestro deber si estando plenamente convencidos de que la prueba en determinado caso no establece

juicio. Existiendo discrepancia sobre su contenido entre la defensa y el fiscal, corresponde al juez que intervino en el caso resolver la misma utilizando para ello sus notas, la lectura por el taquígrafo de la parte pertinente o acudiendo a la máquina grabadora donde ésta exista.

la culpabilidad más allá de duda razonable, permitiéramos que prevaleciera una sentencia condenatoria. Cuando ello ocurre no se trata de una intervención con la función del juez o del jurado en la apreciación de la prueba, sino de un error de derecho."

*Se revocará y se absolverá al acusado.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau no intervinieron.

