EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WILFREDO ALVAREZ, acusado y apelante.

*Número:* CR-77-149      *Resuelto:* 6 de octubre de 1978

694

*Federico Torres Jiménez*, abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El señor Wilfredo Alvarez fue acusado de infringir el Art. 1 de la Ley Núm. 77 de 12 de agosto de 1925, según enmendado por la Ley Núm. 234 de 23 de julio de 1974, 24 L.P.R.A. sec. 791, al almacenar leche cruda para el consumo humano alegadamente adulterada con el antibiótico penicilina y otras sustancias inhibidoras. El tribunal lo halló culpable y le impuso una multa de $25.00, más las costas.

La controversia central en esta apelación gira en torno a la validez del procedimiento seguido por el Departamento de Salud para la toma y análisis de muestras de leche en casos de esta naturaleza, cuestión que abordamos en *Pueblo* v. *Andreu González,* 105 D.P.R. 315 (1976).

██ El inspector del Departamento de Salud tomó una sola muestra en el caso de autos. No dejó muestra para el apelante. E.N. del Fiscal, pág. 2; E.N. de la Juez, pág. 3. ([1])

---

([1]) Nos hallamos aquí ante el insólito hecho de que constan en el legajo tres exposiciones narrativas de la prueba. Afortunadamente son pocas las discrepancias. Por resolución de 4 de mayo de 1978 determinamos que de surgir conflicto entre ellas prevalecería la de la juez. Se insta al fiel cumplimiento de la Regla 15 de nuestro Reglamento y de la Regla 208 de Procedi-

Luego de desfilar la prueba de cargo la defensa presentó una moción de absolución perentoria, fundada en una alegada violación al Reglamento sobre Toma y Análisis de Muestras de Alimentos, Reglamento Núm. 12 de 9 de noviembre de 1944, 24 R.&R.P.R. secs. 730-9, 10 y 11, y al Reglamento Sanitario Núm. 133 de 18 de mayo de 1970, 24 R.&R.P.R. sec. 790-504(e)(1). El apelante sostiene que erró el tribunal al denegar esta moción.

La parte pertinente del Reglamento Núm. 12, 24 R.&R.P.R. sec. 730-9, dispone:

"Las muestras oficiales se tomarán en triplicado cuando menos. Se podrá tomar un número mayor si fuere necesario, debiéndose entregar una de ellas al interesado y poniéndose las otras a disposición del Departamento de Salud para la investigación pertinente del caso . . . ." (2)

El Reglamento Núm. 133, 24 R.&R.P.R. sec. 790-504(e) (1), provee:

"1. *Leche cruda.* Durante cada período de 6 meses se tomarán en las vaquerías un mínimo de 4 muestras de leche en días distintos para los exámenes bacteriológicos . . . ."

En *Pueblo* v. *Andreu González,* supra, rechazamos la tesis del Ministerio Público de que el Reglamento Núm. 133, por ser posterior y de índole especial derogó las normas que el Reglamento Núm. 12 expone sobre la toma de muestras en triplicado. Resolvimos que ambos reglamentos subsisten en la medida que no conflijan entre sí. Aclaramos, no obstante, que la omisión del trámite de las tres muestras no representa necesariamente en todo caso una violación per se del debido proceso de ley. En *Andreu González* el Estado sostenía que la observancia del Reglamento Núm. 12 sobre muestras en tri-

miento Criminal, así como de las disposiciones análogas que privan en el caso de otros recursos.

(2) Las Secs. 10 y 11 del Reglamento Núm. 12 exigen que de resultar que existe adulteración debe notificarse al interesado para ofrecerle la oportunidad dentro de cierto término de un examen de comprobación.

plicado era improcedente debido a la naturaleza perecedera de la leche; que la adición de preservativos interfiere con los resultados, por lo que tal procedimiento no es el indicado para detectar la presencia de antibióticos. En atención a este argumento devolvimos los autos al tribunal de instancia para la continuación de la causa, explicando:

"De ser cierta esta alegación, ello sería . . . suficiente para no aplicarse el Reglamento Núm. 12, ya que estaría en conflicto con el Reglamento Núm. 133, con el criterio de razonabilidad y con el curso natural de lo físicamente posible. El debido proceso de ley ni el derecho coexisten para exigir cosas imposibles, absurdas, ni inútiles o innecesarias."

El caso de autos sólo exige en consecuencia precisar si el Ministerio Público probó la improcedencia de obedecer las disposiciones del Reglamento Núm. 12 sobre la toma de muestras en triplicado y la oportunidad de comprobación por el apelante.

El récord de este caso está totalmente huérfano de prueba para justificar el incumplimiento por el Estado del Reglamento Núm. 12. La prueba de cargo se limitó a la declaración del inspector del Departamento de Salud, señor Jesús M. Marrero, y a la estipulación sobre el resultado del análisis químico de la muestra realizado por la Srta. Mary Ramírez.

El señor Marrero indicó la fecha y hora en que tomó la única muestra, que rotuló la misma y la condujo, debidamente refrigerada, al laboratorio. No se ofreció prueba pericial alguna sobre la razón para desobedecer el Reglamento Núm. 12. El señor Marrero dijo únicamente que él entendió que no era necesario dejarle una muestra al ganadero, "que cuando se trata de antibióticos no se le deja muestra solo se toma una muestra porque el Reglamento Núm. 133, del Departamento de Salud, no específica [sic] que se deje copia al ganadero de la muestra. . . . Que la Regla Número 9 del Reglamento Número 12 del Departamento de Salud, que ordena la toma de muestras en triplicado es sólo para casos de

adulteración de leche por químicos." (E.N. de la Juez, pág. 3.) Estas aseveraciones son conclusiones jurídicas. No representan la prueba científica que requiere *Andreu González* para desatender el Reglamento Núm. 12.

El testimonio estipulado de la Srta. Ramírez tampoco aportó tal prueba. Se admitió que ella declararía tan solo que recibió la muestra que le llevó el señor Marrero, que efectuó el análisis correspondiente y que la muestra dio positivo de penicilina y otros inhibidores. (E.N. de la Juez, pág. 4.)

En contraste con la insuficiencia de la necesaria prueba técnica del fiscal, la defensa presentó como perito al Dr. Gabriel González Calderín, Director del Departamento de Agricultura, con doctorado en Medicina Veterinaria y maestría en Salud Pública. Sobre el problema que nos ocupa declaró "que se puede tomar muestra en triplicado si se elimina la posibilidad de que la muestra tenga presente bacterias que durante el envejecimiento puede producir encimas [*sic*] que es antagónico y puede inhibir la presencia de antibióticos en la leche. Esto puede evitarse poniendo la muestra de leche a cierta temperatura. Que usando un mechero y un termómetro, y calentando la leche se puede [*sic*] destruir las bacterias." (E.N. del Fiscal, pág. 8.) No se refutó esta prueba.

■ El Ministerio Público no ha aportado prueba adecuada para justificar el incumplimiento en este caso del Reglamento Núm. 12. Ante este hecho es innecesario discutir otros señalamientos de error.

*Se revoca la sentencia dictada y se absuelve al acusado.*