In re LIC. JOSEPH W. KIEFER, querellado.

*Número:* CE-85-807    *Resuelto:* 22 de julio de 1986

*Rafael Ortiz Carrión, Procurador General* e *Iván F. Fuster, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: "La relación de abogado y cliente debe fundamentarse en la absoluta confianza. Sujeto a las exigencias que surgen de las obligaciones del abogado para con la sociedad, las leyes y los tribunales, todo miembro del foro legal le debe a sus clientes un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez." Véase criterio general de los deberes del abogado para con sus clientes, Cánones 18–26 de los de Ética Profesional.

I

El 1ro de mayo de 1985 la Hon. Priscilla Curet Cuevas, Juez de Distrito, emitió una resolución y orden relativa a una aparente conducta impropia por parte del Lic. Joseph W. Kiefer, copia de la cual nos fue remitida.

En dicha resolución se le imputó al querellado que en varias ocasiones había incurrido en conducta profesional impropia. Las imputaciones consisten en que presentó una moción de desestimación en el caso civil núm. 82-3347, siendo falso lo informado en la moción, y que el querellado retuvo y no entregó la suma de $4,000 cuando tenía que hacerlo. Dicha suma le fue confiada para ser entregada al alguacil en el momento de diligenciarse un embargo que había contra su cliente. Posteriormente, la referida suma fue embargada por el alguacil en otro caso en que el querellado era representante legal de la parte demandante y depositario de los valores que fueron embargados. Esta conducta, de probarse, está reñida con los Cánones 35 y 23 de los de Ética Profesional.

Con fecha de 24 de mayo de 1985 remitimos al Procurador General la resolución y orden de la Hon. Priscilla Curet Cuevas, para la investigación e informe correspondiente. El 12 de agosto de 1985 el Procurador General compareció ante nos a informar que se había solicitado mediante carta de 7 de junio de 1985 la versión del querellado y luego de recibirla el Pro-

curador General nos rindió su informe con fecha de 29 de octubre de 1985.

En el informe sometido por el Procurador General, se reiteran las dos imputaciones que se le hacen al querellado en la resolución y orden de referencia. El 22 de noviembre de 1985 este Tribunal emitió resolución en la que instruyó al Procurador General para que formulara la correspondiente querella.

El 10 de diciembre de 1985 la oficina del Procurador General presentó querella contra el Lic. Joseph W. Kiefer. El 12 de diciembre de 1985 ordenamos que se notificara personalmente al querellado, y se le concedió un término de 15 días, a partir de la notificación, para que la contestara.

Los alguaciles de este Tribunal han realizado innumerables gestiones para localizar al licenciado Kiefer y notificarle la querella, todas las cuales han sido infructuosas. Lo último que se sabe del querellado es que está fuera de Puerto Rico, probablemente en Inglaterra. Del expediente personal del querellado no surge que éste haya notificado su última dirección.

## II

■ Esta actuación del licenciado Kiefer menoscaba la jurisdicción disciplinaria de este foro y atenta contra el compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz en nuestra sociedad. *In re Pérez Rodríguez*, 115 D.P.R. 547 (1984). La misma amerita la imposición de sanciones.

La Regla 12 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. I-A, Regla 12(a), dispone que:

> Los notarios notificarán igualmente cualquier cambio de residencia o de oficina notarial al Secretario del Tribunal Supremo, al Secretario de la sala correspondiente del Tribunal Superior y al Director de Inspección de Protocolos.

Por su parte la Regla 8(j) del Reglamento de este Tribunal dispone que "todo abogado notificará al Secretario todo

cambio en su dirección postal". El Lic. Joseph W. Kiefer no ha cumplido con las reglas antes citadas.

En *Acevedo* v. *Cía. Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974), expresamos que "los abogados . . . deben además a las cortes el respeto a las órdenes que les son dirigidas en la consecución de los pleitos, exigiéndose de ellos asistencia puntual y el despliegue de todas las diligencias necesarias para que no se causen indebidas dilaciones en la tramitación y solución de los casos". En *In re Freytes Mont*, 117 D.P.R. 11 (1986), expresamos que ". . . el querellado . . . no sólo no ha contestado en el término reglamentario la querella que radicara el Procurador General, sino que ha abandonado la jurisdicción sin dejar dirección futura con el aparente propósito de impedir que los procedimientos disciplinarios comenzados puedan llegar a su fin. Ello no sólo es una conducta reñida con los Cánones de Ética en general, sino que constituye un intento de menoscabar la facultad de este Tribunal para velar por que la clase togada cumpla fielmente con los compromisos contraídos con nuestra sociedad; conducta que no estamos dispuestos a tolerar y que es causa suficiente para que le consideremos indigno de seguir ostentando el título de abogado".

El comportamiento del querellado, al abandonar la jurisdicción, y no notificarlo según lo exige el Reglamento de este Tribunal, se aparta de los postulados enunciados en los citados casos de *In re Freytes Mont*, supra, y *Acevedo* v. *Cía. Telefónica de P.R.*, supra. Véanse además: *In re Arana Arana*, 106 D.P.R. 210 (1977); *In re Pagani Rodríguez*, 109 D.P.R. 831 (1980), e *In re Arana Arana*, 112 D.P.R. 838 (1982).

### III

Visto el incumplimiento del Lic. Joseph W. Kiefer de las Reglas 8(j) y 12(a) del Reglamento de este Tribunal y del menoscabo de nuestra jurisdicción disciplinaria, *se le separa*

*indefinidamente del ejercicio de la abogacía y el notariado en Puerto Rico. Se instruye al Alguacil General que se incaute de la obra notarial del querellado.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Negrón García se inhibió.