*In re* RAFAEL AYALA HERNÁNDEZ, querellado.

*Números:* MC-87-3     *Resueltos:* 30 de junio de 1988
MC-85-21

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Rafael Ayala Hernández, pro se.*

PER CURIAM: El 15 de enero de 1987, el Hon. Francisco A. Padilla, Juez Superior de la Sala de Guayama, nos remitió copia del expediente, minuta y transcripción de la vista celebrada en el caso criminal M-86-363, *Pueblo de Puerto Rico v. Lcdo. Rafael Ayala Hernández,* por el delito de desacato.

Dicha acusación surgió con motivo de los diversos incumplimientos llevados a cabo por el licenciado Ayala Hernández al defender al acusado, Rafael García Guzmán. El licenciado Ayala Hernández había sido contratado por el referido acusado para que lo defendiera de diversas acusaciones criminales. Por ello cobró $800 que le pagó la madre del acusado. El licenciado Ayala Hernández lo representó en la vista preliminar, mas no compareció a la lectura de la acusación, la cual por ello tuvo que ser suspendida en dos (2) ocasiones.

Tampoco compareció a la vista preliminar y a la vista en su fondo del juicio luego de haber sido citado personalmente. El tribunal en dichas ocasiones tuvo que designar otro representante legal para representar al acusado.

Los autos reflejan que el licenciado Ayala Hernández no se comunicó con su cliente y aparentemente abandonó la jurisdicción de Puerto Rico.

El 5 de febrero de 1987 ordenamos al Procurador General de Puerto Rico que investigara y nos informara sobre los escritos remitidos por el Tribunal Superior, Sala de Guayama. El 19 de agosto del mismo año el Procurador General rindió su informe en que señaló que el licenciado Ayala Hernández había abandonado la jurisdicción de Puerto Rico y desatendido sus requerimientos en torno a la investigación por él realizada.

El 3 de septiembre de 1987 concedimos término al licenciado Ayala Hernández para que reaccionara al informe rendido por el Procurador General y para que mostrara causa, si alguna, por la cual no debía ser disciplinado por su incumplimiento con los Cánones de Ética Profesional. Ordenamos, además, que se le notificara de nuestra orden a la última dirección existente en su expediente personal y a cualquier otro lugar que surgiera de los autos.

El 6 de octubre de 1987 el licenciado Ayala Hernández compareció ante nos y solicitó tiempo adicional para responder a las querellas presentadas. Accediendo a su solicitud, le concedimos treinta (30) días según solicitado.

El 4 de noviembre de 1987 el licenciado Ayala Hernández nuevamente solicitó un término adicional de sesenta (60) días para responder a las querellas. Nuevamente accedimos a su pedido y le concedimos dicho término.

El 3 de marzo de 1988, como nos apercibimos mediante el expediente que el licenciado Ayala Hernández no había cumplido con nuestras órdenes, le concedimos un término final e improrrogable de veinte (20) días para comparecer y le aper-

cibimos, además, que su incumplimiento podría conllevar sanción disciplinaria, incluso su separación inmediata del ejercicio de la profesión.

Al día de hoy el querellado no ha comparecido.

El 11 de febrero de 1988, a través de la comunicación del Director de la Oficina de Inspección de Notarías, nos apercibimos de que no se habían podido examinar los protocolos del licenciado Ayala Hernández correspondientes a los años 1983 a 1986, que éste no rindió el formulario de actividad notarial correspondiente al 1986 y que dicho abogado-notario no rendía índices notariales desde el 21 de septiembre de 1986. Ordenamos la incautación de la obra notarial del licenciado Ayala Hernández y le dimos término para que mostrara causa de por qué no debíamos sancionarlo como notario y como abogado. El licenciado Ayala Hernández se limitó a entregar su obra notarial.

La actuación del licenciado Ayala Hernández menoscaba la jurisdicción disciplinaria de este Foro y atenta contra el compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz en nuestra sociedad. *In re Kiefer*, 117 D.P.R. 767 (1986); *In re Freytes Mont*, 117 D.P.R. 11 (1986).

La conducta del querellado amerita la imposición de sanciones.

Visto el incumplimiento del Lcdo. Rafael Ayala Hernández con nuestras órdenes, y el menoscabo de nuestra jurisdicción disciplinaria, *se le suspende provisionalmente del ejercicio de la abogacía y el notariado en Puerto Rico. Se dictará la sentencia correspondiente.*