*In re* HELION W. CRUZ GONZÁLEZ.

*Número:* CR-88-40        *Resuelto:* 17 de enero de 1989

OPINIÓN del Tribunal Supremo de Puerto Rico en la que se ordena la suspensión del Lcdo. Helion W. Cruz González del ejercicio de la profesión de abogacía, por el término de un (1) mes, por haber incumplido con una Resolución emitida por este Tribunal.

PER CURIAM: El abogado no es "un simple observador aislado de la psicogénesis y dinámica decisoria. En muchos extremos, el abogado será protagonista y coadyuvante del drama judicial. Su persona es una extensión básica de los tribunales". *In re Cardona Álvarez*, 116 D.P.R. 895, 903 (1986). En lo que atañe a este incidente, esa condición genera en el abogado la obligación de preparar la exposición narrativa de la prueba, necesaria para perfeccionar toda apelación como alternativa a una transcripción de evidencia.

## I

El Lcdo. Helion W. Cruz González, abogado en la práctica privada, representó ante el Tribunal Superior, Sala de Carolina, a Luis A. Torres Fuentes en una acusación de apropiación ilegal agravada. Art. 166 del Código Penal, 33 L.P.R.A. sec. 4272. El 22 de abril de 1988 el acusado fue encontrado culpable y condenado a seis (6) años de cárcel, bajo el régimen de una sentencia suspendida.

Inconforme, por derecho propio, Torres Fuentes apeló el 5 de mayo. En su escrito expuso su condición de indigente, pidió ser representado por la Sociedad para Asistencia Legal, cuestionó la suficiencia de la prueba y solicitó una orden dirigida al licenciado Cruz para que preparara la exposición narrativa de la prueba. Referimos su solicitud a la Sociedad para Asistencia Legal a los fines de que dicha entidad evaluara su elegibilidad y planteamientos. Oportunamente, ésta nos señaló que Torres Fuentes cualificaba, pero que la evaluación de los méritos de su apelación requería la exposición narrativa de la prueba.

Con vista a esa comparecencia, el 30 de junio ordenamos al licenciado Cruz su preparación. A tal efecto le concedimos

sesenta (60) días. Transcurrió en exceso ese término y la Sociedad para Asistencia Legal nos informó del incumplimiento del licenciado Cruz de su encomienda y de varias gestiones infructuosas conducentes a lograrlo. Otra vez nos reiteró que la única forma de encauzar responsablemente su encomienda era a través de esa exposición narrativa de la prueba o, en la alternativa, mediante una transcripción de evidencia.

El 5 de octubre le concedimos al licenciado Cruz un término improrrogable de diez (10) días para informar sus gestiones. Fue apercibido de que el incumplimiento a nuestra Resolución de 30 de junio e "incomparecencia a explicar su conducta podr[í]a conllevar sanciones disciplinarias". Resolución de 5 de octubre de 1988. El pasado 14 de octubre fue notificado, personalmente por alguacil, de esta resolución. No ha comparecido.

## II

La preparación diligente y oportuna certificación de una *exposición narrativa de la prueba* forma parte de la responsabilidad postsentencia del abogado. La utilidad de este mecanismo para acelerar la pronta disposición apelativa de todo recurso, tanto de naturaleza criminal como civil, es incuestionable. *Pueblo v. Casiano Vélez*, 105 D.P.R. 33, 42 (1976). Corresponde inicialmente al abogado que representa al apelante en el foro de instancia cumplir dicho trámite, sin menoscabo de "la responsabilidad indeclinable del Ministerio Fiscal de velar po[r q]ue dicha exposición refleje fielmente la sustancia de las declaraciones de los testigos y todas las incidencias ocurridas en el juicio. Existiendo discrepancia sobre su contenido entre la defensa y el fiscal, corresponde al juez que intervino en el caso resolver la misma utilizando para ello sus notas, la lectura por el taquígrafo de la parte pertinente o acudiendo a la máquina grabadora donde ésta exista". *Pueblo v. Vega Cruz*, 105 D.P.R. 1, 2–3

esc. 1 (1976); *Pueblo v. Barreto González*, 107 D.P.R. 536, 539–540 (1978); *Pueblo v. Álvarez*, 107 D.P.R. 693, 694–695 esc. 1 (1978).

█ En la presente apelación, sin excusas, el abogado Cruz ha hecho caso omiso a su obligación de preparar la exposición narrativa de la prueba. Además, ha incumplido nuestras órdenes. Su proceder ha afectado y atrasado el perfeccionamiento diligente y regular de la apelación criminal de Torres Fuentes, pues nos ha obligado a autorizar una transcripción de evidencia que de ordinario no procedería. Además, su conducta ha sido en "menoscab[o de] la jurisdicción disciplinaria de este foro y atenta contra el compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz en nuestra sociedad". *In re Kiefer*, 117 D.P.R. 767, 769 (1986); *In re Freytes Mont*, 117 D.P.R. 11 (1986); *In re Ayala Hernández*, 121 D.P.R. 758 (1988).

A tono con estas circunstancias, *se impone un decreto que suspende provisionalmente al Lcdo. Helion W. Cruz González por un (1) mes del ejercicio de la profesión de abogado.*[1]

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Ortiz no intervino.

---

[1] El 17 de noviembre de 1988 quedó también suspendido temporalmente de la práctica del notariado.