# 95 DTA 20

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE MAYAGUEZ**

RAFAEL QUEVEDO CARRERO
Apelado

v.

BUDGET RENT A CAR REPRESENTADO POR JOHN DOE, LUIS R. MORI
RODRIGUEZ, POR SI Y/O H/N/C BUDGET RENT CAR, COMPAÑIA DE SEGUROS
DENOMINADA JOHN DOE, JOHN DOE
Querellado-Recurrido

Núm. KLAN-95-00048

San Juan, Puerto Rico, a 7 de marzo de 1995

Panel integrado por su presidente, Juez Amadeo Murga,
y los Jueces Brau Ramírez y Ramos Buonomo

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Se recurre, mediante recurso de apelación, de una sentencia emitida el 26 de septiembre de 1994 y notificada el 4 de octubre del mismo por el Tribunal de Distrito, Sala de Mayaguez, declarando sin lugar demanda sobre daños y perjuicios presentada por el apelante Rafael Quevedo Carrero contra los apelados Budget Rent A Car, representado por John Doe y otros, y Luis R. Mori Rodríguez, por sí y h/n/c Budget Rent Car. Una oportuna solicitud de determinaciones de hechos adicionales fue denegada por el Tribunal el 21 de octubre de 1994 y notificada el 28 del mismo mes y año.

Inconforme con el dictamen del Tribunal de Instancia, el apelante presentó el presente

recurso de apelación el 22 de noviembre de 1994 ante el Tribunal Superior, Sala de Mayaguez.

Según surge de los autos, el apelante no cumplió con el trámite de perfeccionamiento del recurso dentro del término dispuesto por la Regla 6(a) de las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III A.■■ El 30 de diciembre de 1994, por lo tanto, el Tribunal Superior dictó una orden al apelante para que cumpliera con lo anterior dentro del término de quince (15) días, so pena de desestimación.

El 25 de enero de 1995, el apelante presentó moción en cumplimiento de orden ante el Tribunal Superior, la cual supuestamente contenía una relación de hechos relevantes al recurso. Copia de esta moción fue presentada ante el Tribunal de Distrito, el cual ordenó la elevación de los autos.

El recurso fue posteriormente referido a este Tribunal, conforme el artículo 9.004 de la Ley de la Judicatura de Puerto Rico de 1994 y la Orden Administrativa Núm. XIII adoptada el 23 de enero de 1995 por el Juez Presidente del Tribunal Supremo de Puerto Rico.

Hemos examinado la moción en cumplimiento de orden erróneamente presentada por la parte apelante ante el Tribunal Superior de Mayaguez, en lugar del foro apelado. La misma no satisface los elementos básicos de una exposición narrativa de la prueba desfilada en un juicio, sino que consiste en una exposición y argumentación del caso, que sólo contiene unas generalizaciones en torno a la prueba desfilada.

Según ha explicado nuestro Tribunal Supremo, es responsabilidad de las partes en una apelación el velar porque la exposición narrativa de la prueba refleje fielmente las sustancias de las declaraciones de los testigos y todas las incidencias ocurridas en el juicio. *Pueblo v. Barreto González,* 107 D.P.R. 536, 539 (1978); *Pueblo v. Vega Cruz,* 105 D.P.R. 1, 2-3 (1976); compárese, *Pueblo v. Llauger,* 14 D.P.R. 548 (1908) (la exposición del caso debe ser una relación completa y exacta de todos los hechos presentados como prueba, expresando en forma concisa y narrativa las declaraciones de cada testigo, pero sin reproducir las notas taquigráficas ni las preguntas hechas a los testigos).

La preparación diligente de la exposición narrativa de la prueba forma parte de la responsabilidad postsentencia del abogado. *In re: Cruz González,* 123 D.P.R. 108, 110 (1989); *Pueblo v. Casiano Vélez,* 105 D.P.R. 33, 46 ( 1976); véase, además, *In re: Vélez Valentín,* 124 D.P.R. 403, 409 (1989). En el presente caso, el documento presentado por la parte apelante no permite una evaluación del presente recurso. Procede, por lo tanto, su desestimación.

Por los fundamentos expresados, se desestima la presente apelación. Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIO 95 DTA 20

1. Habiendo comenzado a decursar el término para apelar la sentencia antes de la vigencia de la Ley de la Judicatura de Puerto Rico de 1994, el procedimiento para el trámite de la misma es el establecido bajo el ordenamiento anterior, *viz,* las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A., según lo dispone la Regla 4(a) de las de Transición sobre la Aplicación del Reglamento del Tribunal de Circuito de Apelaciones. Véase *Aderic Industrial, Inc. h/n/c La Tina Industrial Laundry v. Wilmer Tacoronte h/n/c Hotel Cupido,* **95 DTA 15** KLCE-95-00003 (resolución del 17 de febrero de 1995).