# 95 DTA 166

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II - BAYAMON
## PANEL I

WALDEMAR RODRIGUEZ
Demandante-Recurrido

v.
ULRICH LANGE
Demandado-Peticionario

Núm. KLCE-95-00154

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo
y los Jueces Cordero y Ortiz Carrión

Ramos Buonomo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario, Ulrich Lange, presentó un recurso de *certiorari* ante este Tribunal el día 28 de marzo de 1995, solicitando que expidamos un auto para revocar una sentencia dictada el día 21 de febrero de 1995 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (Hon. Georgina Candal, J.). ■ En dicha sentencia, el tribunal desestimó un recurso de apelación presentado por el aquí peticionario por haber incumplido la Regla 6 de las de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A, R.6.

Examinados el recurso de *certiorari*, sus anejos, la moción de desestimación y la oposición de la parte recurrida, la ley y la jurisprudencia aplicable, se expide un auto de *certiorari* y se confirma la sentencia recurrida por los siguientes fundamentos.

### I

En primer lugar, el recurrido, señor Waldemar Rodríguez, presentó una moción de desestimación el día 7 de abril de 1995, solicitando que se desestimara el recurso de *certiorari* por cuanto, bajo el Artículo 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, el recurso adecuado para solicitar la revisión de una sentencia final del Tribunal de Primera Instancia es el de apelación.

Según el referido Artículo 4.002, inciso (a), se podrá apelar ante el Tribunal de Circuito de Apelaciones *"de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición"*.

El caso de autos se originó y se resolvió mediante sentencia ante el Tribunal de Distrito antes de aprobarse la nueva Ley de la Judicatura. Después de aprobarse dicha ley pero antes de entrar en vigor, la sentencia dictada por el Tribunal de Distrito fue apelada ante el Tribunal Superior, el cual desestimó el recurso de apelación.

En virtud de lo anterior, resulta inaplicable en el caso de autos el Artículo 4.002, inciso (a), de la ley, toda vez que no se trata aquí de un caso *"originado en el Tribunal de Primera Instancia"*, sino que más bien es un caso originado en el anterior Tribunal de Distrito, antes de que estuviera en proceso de abolición, y que fue revisado en alzada por el anterior Tribunal Superior. ■

La Regla 18(B)(2)(c) del Reglamento del Tribunal de Circuito de Apelaciones contiene una disposición que cubre situaciones como la de autos que reza:

*"El recurso de **certiorari** de cualquier sentencia del Tribunal de Primera Instancia para la cual no se hubiere establecido procedimiento específico en este Reglamento o en la Ley de la Judicatura, deberá presentarse ante el Tribunal de Circuito de Apelaciones dentro del término de treinta (30) días del archivo en autos de copia de la notificación de la sentencia."*

Declaramos sin lugar, pues, la moción de desestimación y procedemos a considerar el recurso de *certiorari* ante nos.

## II

Surge de los autos que el anterior Tribunal de Distrito, Sala de Bayamón (Hon. Rafael A. Flores Díaz, J.), dictó una sentencia el día 24 de mayo de 1994, declarando con lugar una demanda en cobro de dinero y condenando al peticionario a pagar $12,000.00 más intereses y costas y una suma por concepto de honorarios de abogado ██ No conforme, el día 20 de junio de 1994, el aquí peticionario presentó una moción solicitando determinaciones de hechos adicionales, a la cual se opuso el aquí recurrido. El día 5 de julio de 1994, el tribunal declaró no ha lugar la moción presentada por el peticionario. ██ No conforme, éste presentó en tiempo un recurso de apelación el día 17 de agosto de 1994.

En la sección III del referido recurso de apelación, el aquí peticionario hizo una relación de hechos. Seguidamente, en la sección IV del recurso, denominada *"Hechos Probados"*, el peticionario presentó una serie de alegaciones que no surgen de la sentencia apelada.

El día 29 de agosto de 1994, el aquí recurrido presentó una Objeción a Exposición de Hechos Probados Planteados por el Demandado-Apelante en su Solicitud de Apelación. En dicha moción, el recurrido expresó que en la medida en que la referida sección IV del recurso de apelación pudiera entenderse que es una exposición narrativa de la prueba por parte del peticionario, se objetaba la misma. No obstante, el recurrido se reservó su derecho a objetar, además, cualquier exposición narrativa de la prueba que posteriormente pudiera presentar el peticionario a tenor con la Regla 6 de las de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*.

El día 14 de septiembre de 1994, el peticionario solicitó permiso para regrabar la prueba desfilada ante el Tribunal de Distrito. La regrabación fue autorizada por el Tribunal de Distrito el día 23 de septiembre de 1994. ██ Consta, además, en los autos una Moción de Consignación presentada por el peticionario incluyendo un giro por la cantidad de quince dólares ($15.00), además de tres *"cassettes"* correspondientes a los costos de regrabación. El día 29 de diciembre de 1994, el tribunal le entregó la regrabación al peticionario.

El 1ro. de febrero de 1995 el Tribunal de Distrito emitió una resolución y orden que dispone:

*"La parte demandada apelante radicó escrito de apelación en el caso de autos el 17 de agosto de 1994. Transcurrido el término provisto en la Regla 6 de las de Apelación, Título 4 Ap. III A, se ordena elevar los asuntos al Tribunal Superior, Sala de Bayamón,(3) para la continuación de los procedimientos..."*

Finalmente, el 21 de febrero de 1995, el Tribunal de Primera Instancia, Sala Superior de Bayamón, desestimó el recurso de apelación por no haber presentado el aquí peticionario una exposición narrativa de la prueba, a pesar de haber excedido el término dispuesto en la Regla 6 de las de Apelación del Tribunal de Distrito al Tribunal Superior, ni haber solicitado una prórroga a tales efectos.

## III

En su recurso, el peticionario alega que el tribunal de instancia erró al determinar que

dicho peticionario había incumplido la Regla 6 de las de Apelación del Tribunal de Distrito al Tribunal Superior. No tiene razón.

La referida Regla 6 exige que la parte apelante prepare una exposición narrativa de la prueba oral o una relación escrita de todo lo ocurrido en el caso, dentro del término de veinte (20) días siguientes a la presentación del escrito de apelación. Así lo reafirmó nuestro Tribunal Supremo en *González Santos v. Bourns Puerto Rico. Inc.,* \_\_\_ D.P.R. \_\_\_ (1989), **89 J.T.S. 107**, págs. 7273, 7277-7278.

Igualmente, es responsabilidad primordial de la parte apelante velar porque la exposición narrativa de la prueba refleje fielmente las sustancias de las declaraciones de los testigos y todas las incidencias ocurridas en el juicio. Ello es fundamental para que pueda ser de utilidad en la revisión de los errores señalados en los recursos a nivel apelativo. *Pueblo v. Barreto González,* 107 D.P.R. 536, 539 (1978); *Pueblo v. Vega Cruz,* 105 D.P.R. 1, 2-3 escolio (1) (1976); véase, además, *Quevedo Carrero v. Budget Rent a Car,* KLAN-95-00048, Resolución de 7 de marzo de 1995, pág. 3.

Asímismo, es norma reconocida que la preparación diligente de la exposición narrativa de la prueba forma parte de la responsabilidad postsentencia del abogado. *In re: Cruz González,* 123 D.P.R. 108, 110 (1989); *Pueblo v. Casiano Vélez,* 105 D.P.R. 33, 46 (1976); *Quevedo Carrero v. Budget Rent a Car, supra.*

En el caso de autos, el peticionario no cumple estos principios básicos del procedimiento apelativo. Los *"hechos probados"* que relata en su solicitud de apelación constituyen sólo algunas alegaciones de su parte que no fueron determinadas como hechos por el tribunal apelado. No surge, pues, que el peticionario haya hecho una relación fiel de todo lo ocurrido en la vista.

Por otro lado, la Regla 6 no contempla que la exposición narrativa sea incorporada en el escrito de apelación, sino que específicamente dispone que la misma deberá prepararse dentro de los veinte días siguientes a la presentación del recurso. Se entiende, pues, que la exposición narrativa deberá presentarse en un escrito aparte y distinto al recurso de apelación. El peticionario demuestra conocer algo de esta norma, siendo prueba de ello el que, después de presentar el escrito de apelación, el peticionario solicitó permiso para regrabar la prueba desfilada, presumimos que con fines de preparar la exposición narrativa. Señalamos, sin embargo, que dicha solicitud fue tardía, habiéndose presentado veintiocho (28) días después de radicarse el escrito de apelación.

En su recurso, el peticionario sostiene que puede inferirse que el Tribunal de Distrito aprobó la relación de hechos expuesta en el escrito de apelación toda vez que, a pesar de tener una objeción del recurrido, el tribunal no enmendó la relación de hechos. Acepta el peticionario, en su recurso, que solicitó la regrabación de los procedimientos e indica que *"[s]in embargo, luego de escuchar la regrabación, consideró que la relación de hechos contenida en el Escrito de Apelación es fiel a los hechos probados ante el Tribunal de Distrito".* Por ende, alega que cumplió la Regla 6, *supra.* No le asiste la razón.

Resulta obvio concluir que el tribunal apelado no aprobó la relación de hechos, sino que autorizó la regrabación el día 23 de septiembre de 1994 precisamente porque hasta la fecha el peticionario no había presentado una exposición narrativa. Luego, el 10 de febrero de 1995, el tribunal apelado ordenó la elevación de los autos ya que había *"transcurrido el término provisto en la Regla 6 de las de Apelación"* y el peticionario se había quedado cruzado de brazos.

Resolvemos, pues, que en el caso de autos el peticionario hizo caso omiso a su obligación

de preparar una exposición narrativa de la prueba, por lo que procedía desestimar su recurso de apelación. *In re: Cruz-González, supra,* a la pág. 111. El error imputado no fue cometido.

Por los fundamentos antes expuestos, se expide un auto de *certiorari* y se confirma la sentencia recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 166

1. Copia de la notificación de la sentencia fue archivada en autos el día 2 de marzo de 1995. Valga señalar que el ilustrado tribunal de instancia dictó la sentencia recurrida con posterioridad a la vigencia de la Ley de la Judicatura de Puerto Rico de 1994, Ley de 28 de julio de 1994.

El Artículo 9.004, inciso (b), de la referida ley dispone que:

*"Todo recurso pendiente ante la consideración del Tribunal Superior, dentro de su jurisdicción apelativa, originado en el Tribunal de Distrito o el Tribunal Municipal deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de esta Ley; disponiéndose que una vez transcurrido dicho término los asuntos pendientes se referirán para su trámite y resolución al Tribunal de Circuito de Apelaciones.*

Aún cuando la ley utiliza inadvertidamente la frase *"jurisdicción apelativa",* resulta claro que se trata de la *"competencia apelativa"* que tenía el anterior Tribunal Superior ya que la Asamblea Legislativa puede determinar la competencia de los tribunales, mas no así su jurisdicción. *Ramírez v. Registrador,* 116 D.P.R. 541, 548 (1985); *Rodríguez v. Registrador,* 75 D.P.R. 712, 715-726 (1953). Así se reconoce, además, en la Orden Administrativa Núm. XIII del Juez Presidente de 23 de enero de 1995. Tratándose, pues, de competencia y no habiendo objeción de las partes al respecto, es válida la sentencia cuya revisión aquí se solicita por otros fundamentos. *Ramírez v. Registrador, supra,* a las págs. 547-548; *Marín v. Montijo,* 109 D.P.R. 268, 271 (1979); *Aetna Ins. Co. v. Tribunal Superior,* 103 D.P.R. 480,483-484 (1975); *Rodríguez Rodríguez v. Tribunal Superior,* 100 D.P.R. 421, 423-424 (1972); *O. Parés, Inc. v. Galán,* 98 D.P.R. 772,780 (1970); *Ramírez v. Ramírez,* 80 D.P.R. 518, 519 (1958); *Fernández & Hno. v. Pérez,* 79 D.P.R. 244, 246 (1956); *Rodríguez v. Registrador, supra.*

2. Valga recalcar que éste dictó la sentencia después de estar en vigor la nueva Ley de la Judicatura, por lo que se trata propiamente de una *"sentencia del Tribunal de Primera Instancia".*

3. Copia de la notificación de esta sentencia fue archivada en autos el día 16 de junio de 1994. *"Esta resolución fue notificada el día 20 de julio de 1994."*

4. Esta resolución fue notificada el día 20 de julio de 1994.

5. La orden de regrabación fue notificada el 3 de noviembre de 1994.

5. La orden de regrabación fue notificada el 3 de noviembre de 1994.

6. Vease Petición, a la pág. 6. No surge de los autos, sin embargo, moción alguna en donde el apelante le informara al tribunal apelado esta posición y se reafirmara en la relación contenida en el escrito de apelación.