*In re* EFRAÍN DE JESÚS RODRÍGUEZ.

*Número:* 6835 *Resuelto:* 4 de diciembre de 1990

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías,* en informe; *Efraín De Jesús Rodríguez, pro se.*

PER CURIAM: El Director de la Oficina de Inspección de Notarías notificó en varias ocasiones al Lcdo. Efraín De Jesús Rodríguez su omisión de presentar índices notariales durante el mes de noviembre de 1988 y desde enero de 1989 hasta la fecha en que se le cursaron dichas notificaciones.

El 28 de diciembre de 1989 le concedimos al notario un término de veinte (20) días para que compareciera ante este Tribunal y mostrara causa por la cual no debía ser disciplinado

como notario por no haber presentado los índices notariales durante el mes de noviembre de 1988 y desde enero de 1989 hasta dicha fecha, y por no haber contestado en forma alguna a los requerimientos del Director de la Oficina de Inspección de Notarías. Dicha resolución le fue notificada personalmente al notario De Jesús Rodríguez.

Dicho abogado ignoró nuestro requerimiento y, mediante resolución dictada el 21 de marzo de 1990, lo suspendimos provisionalmente del ejercicio del notariado apercibiéndole que de no dar cumplimiento a nuestro dictamen atendiendo los requerimientos que se le habían hecho se tomarían medidas disciplinarias adicionales en su carácter de notario y de abogado. En dicha resolución también se ordenó al Alguacil General de este Tribunal que se incautara de la obra notarial y al Director de la Oficina de Inspección de Notarías que nos informara sobre el cumplimiento dado por el notario con lo aquí dispuesto.

El 1ro de junio de 1990 compareció ante nos el Director de la Oficina de Inspección de Notarías informándonos que el licenciado De Jesús Rodríguez presentó los índices notariales que debía hasta diciembre de 1989 sin dar explicación alguna, pero que no había presentado los índices correspondientes a los meses de enero, febrero, marzo y abril de 1990.

Una vez incautada la obra notarial del licenciado De Jesús Rodríguez, ésta fue objeto de un informe por parte del Inspector de Protocolos de Ponce. El resultado de esta inspección le fue notificado al notario el 14 de mayo de 1990 por la Oficina de Inspección de Notarías, remitiéndose copia de dicho informe para que se enterara de las correcciones que debía efectuar y dándole un plazo de quince (15) días para que efectuara las mismas. Las deficiencias señaladas no fueron subsanadas.

En vista de que ni las deficiencias notariales encontradas en los Protocolos ni su incumplimiento con la obligación de presentar índices desde enero hasta abril de 1990 estaban comprendidas en la Resolución de 28 de diciembre de 1989, el Director de la Oficina de Inspección de Notarías nos solicitó que concediéramos al

notario tiempo adicional para someter los índices que faltaban de 1990 y corregir las demás deficiencias.

Mediante resolución emitida el 15 de junio de 1990, le concedimos al notario un plazo final de veinte (20) días para corregir las deficiencias encontradas en su obra notarial, para presentar los índices que comprenden desde enero hasta abril de 1990 y para mostrar causa por la cual no debía suspendérsele indefinidamente del notariado.

Mediante Moción Informativa de 1ro de julio de 1990, pág. 1, compareció por primera vez ante este Tribunal el notario diciendo:

> . . . [E]n rigor, no tengo ninguna justificación que excuse mi falta de responsabilidad como notario, pero, a partir de la explicación que a continuación someto, suplico humildemente una oportunidad y el perdón de su Señoría.

En síntesis, éste enumera una serie de circunstancias que no le permitieron cumplir con sus obligaciones de notario. Así, señala entre otros la pérdida de su empleo como consecuencia del cambio de gobierno; el hecho de que su esposa no trabajaba y que tardó tres (3) meses en conseguir empleo y tres (3) meses más en cobrar; la casi expulsión de su tres (3) hijas del colegio por no poder pagar el mismo, y finalmente, la presentación de una solicitud de quiebra personal ante el tribunal federal. Al final de su escrito solicita que se le tomen estas razones como atenuantes a su fallo.

En consideración a ese planteamiento, mediante Resolución de 10 de agosto de 1990 le concedimos al notario un término final de veinte (20) días contados a partir de la notificación de la resolución para corregir las deficiencias encontradas en su obra notarial, así como para presentar los índices que comprenden desde enero hasta abril de 1990.

El 9 de octubre de 1990 compareció el Director de la Oficina de Inspección de Notarías informándonos que el notario todavía no había corregido las deficiencias que se le ordenó subsanar mediante nuestra Resolución de 10 de agosto de 1990.

Las circunstancias señaladas por el licenciado De Jesús Rodríguez no lo eximen de acción disciplinaria. Además de

incumplir con sus obligaciones como notario, no aprovechó las oportunidades que se le brindaron para subsanar sus faltas. Esta conducta reiterada de incumplimiento con nuestras órdenes y de no corregir las deficiencias viola el deber impuesto por el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. X, de dar estricto cumplimiento a las órdenes y resoluciones de este tribunal, y amerita una acción disciplinaria. *In re Freyre González,* 126 D.P.R. 884 (1990); *In re Hoffman Muriño,* 125 D.P.R. 553 (1990); *In re Rosa Batista,* 122 D.P.R. 485 (1988); *In re Ayala Hernández,* 121 D.P.R. 758 (1988).

Vistas las deficiencias en que reiteradamente incurrió el licenciado De Jesús Rodríguez en el ejercicio de su función notarial y su conducta consistente de reiterada desobediencia a los requerimientos de este Tribunal, *se dispone su suspensión de la práctica de la abogacía hasta tanto este Tribunal disponga de manera distinta.*