*In re* CARLOS MANZANO.

*Número:* MC-90-42          *Resuelto:* 6 de febrero de 1992

*Nora L. Rodríguez Matías* y *Antonio Arraiza Miranda*, abogados del Colegio de Abogados de Puerto Rico; *Carlos Manzano Velázquez, pro se.*

PER CURIAM: El expediente personal del Lcdo. Carlos Manzano refleja: que en los años 1975 y 1979 le fueron impuestas sanciones económicas por la remisión tardía de poderes; que en 1980 el Director de la Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez Surís, informó varias deficiencias en su obra notarial las cuales finalmente fueron corregidas; que el 24 de abril de 1985 el Sr. Jorge Luis Pereira Rohena presentó ante el Colegio de Abogados de Puerto Rico (en adelante Colegio de Abogados) una querella contra el Lcdo. Carlos Manzano. En síntesis, el querellante alega que desde 1980 encargó al licenciado Manzano solicitar del tribunal su inscripción en el Registro Demográfico con su apellido paterno y, al momento de presentarse la querella (1985) no se había realizado gestión alguna en relación con la encomienda, a pesar

de que el licenciado Manzano recibió los honorarios por adelantado.

El Colegio de Abogados realizó la investigación correspondiente y rindió un informe ante nos el 13 de septiembre de 1990, recomendando que lo sancionáramos como abogado por violar los cánones de ética al ignorar todas las gestiones hechas por la Comisión de Ética Profesional del Colegio de Abogados de Puerto Rico para que contestara la querella presentada en su contra.

El licenciado Manzano nunca compareció ante el Colegio de Abogados.

El 11 de octubre de 1990 concedimos al licenciado Manzano un término improrrogable de diez (10) días para comparecer a exponer lo que a bien tuviera ante el organismo correspondiente del Colegio de Abogados, bajo apercibimiento que de no hacerlo, estaría sujeto a sanciones disciplinarias. No obstante lo anterior, el licenciado no compareció ante el Colegio.

El 4 de enero de 1991 le ordenamos al Alguacil General de este Tribunal que notificara personalmente al Lcdo. Carlos Manzano nuestra Orden de 11 de octubre de 1990, apercibiéndole además que, de no cumplir con la antes mencionada resolución en el término improrrogable de diez (10) días, quedaría automática y temporeramente suspendido del ejercicio de la abogacía y de la notaría.

Paralelo al trámite sobre ética profesional antes descrito, el Lcdo. Carlos Manzano tenía pendiente ante nos el Caso Núm. 3296 relacionado con deficiencias señaladas en su obra notarial por el Director de la Oficina de Inspección de Notarías. Éste requirió nuestra intervención para ordenar que el licenciado Manzano permitiera a dicha oficina examinar sus Protocolos.

El 29 de enero de 1991 el Lcdo. Carlos Manzano compareció ante nos mediante un escrito titulado "Solicitud de reconsideración y plazo adicional" en el cual mezcló dos (2) asuntos no relacionados entre sí, a saber: el Informe sobre

Ética Profesional rendido por el Colegio de Abogados y los procedimientos relacionados con las deficiencias notariales. En su escrito, el licenciado Manzano informó que pagó la cuota notarial adeudada; que le falta por pagar de la fianza notarial, ya que en varias ocasiones el Colegio no quiso aceptar el pago; que la razón por la cual no se aceptó el pago es que tenía una deficiencia notarial por concepto de sellos de rentas internas adeudados en el Protocolo de 1986, cuya deficiencia suma la cantidad de mil novecientos dólares ($1,900); y que el caso fue planteado al Pleno de la Junta del Fondo de Fianza Notarial, donde se discutiría su solicitud para que el pago fuera aceptado. Solicitó además, que se le concediera una prórroga de sesenta (60) días para la ejecución de su resolución de manera tal que pudiera pagar en dicho plazo deficiencias notariales y la fianza notarial.

La comparecencia del Lcdo. Carlos Manzano, además de tardía, no fue responsiva a nuestras órdenes relacionadas con el Informe sobre Ética Profesional, por lo que mediante la Orden de 22 de febrero de 1991 y ante el "craso incumplimiento a las órdenes de este Tribunal" (Resolución de 22 de febrero de 1991), le concedimos un término improrrogable de veinte (20) días para: (1) contestar ante este Tribunal el informe sobre conducta profesional rendido por el Colegio de Abogados y (2) corregir su obra notarial. Le apercibimos nuevamente que de incumplir con lo ordenado sería suspendido automática y temporeramente del ejercicio de la abogacía y de la notaría.

Expirado el término concedido e incumpliendo con nuestro reglamento,[1] el licenciado Manzano compareció ante nos el 2 de abril de 1991 mediante escrito titulado "Escrito en cumplimiento de orden" en el cual informa: (1) Que el querellante, señor Pereira Rohena, desistió de la querella;

---

[1] El licenciado Manzano presentó su comparecencia en original solamente, omitiendo las nueve (9) copias requeridas por la Regla 40 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. I-A.

(2) Las gestiones realizadas en el caso; (3) Que las diferencias con el señor Pereira surgieron porque éste no pagó la totalidad de los honorarios pactados; (4) Que corrigió las deficiencias señaladas en su obra notarial.

Examinado el "Escrito en cumplimiento de orden" de 2 de abril de 1991 emitimos una orden con fecha de *3 de mayo de 1991* que ordenaba al licenciado Manzano acreditar, mediante declaración jurada del señor Pereira Rohena, que éste desistió de la querella por él iniciada. Concedimos al querellado un término de quince (15) días para mostrar causa por la cual no debía ser disciplinado como abogado y notario por presentar dicha escrito expirado el término concedido por nosotros, y por incumplir con nuestro reglamento. Además, instruimos al Lcdo. Govén D. Martínez Surís para que se expresara en torno a la aseveración del licenciado Manzano a los fines de que corrigió su obra notarial.

Sobre este extremo, mediante carta del Director de la Oficina de Inspección de Notarías fechada el 21 de mayo de 1991, confirmamos que las deficiencias notariales fueron corregidas aunque con posterioridad a la fecha en que el licenciado Manzano informó haberlo hecho. Específicamente, aunque en su "Escrito en cumplimiento de orden" presentó el 2 de abril de 1991 el querellado informó haber corregido su obra notarial, al día 17 de mayo de 1991 quedaban vigentes algunas de las deficiencias arancelarias señaladas en el Protocolo de 1986.

En respuesta de nuestra Orden de *3 de mayo de 1991* el licenciado Manzano compareció, el 24 de mayo de 1991, nuevamente expirado el término concedido por nosotros.[2] En su escrito informó que tuvo dificultad en localizar al querellante, señor Pereira Rohena, porque éste se había mudado. Respecto a la omisión de someter las nueve (9)

---

[2] Nuestra Resolución de 3 de mayo de 1991 fue notificada el 6 de mayo, por lo tanto el término concedido expiró el 21 de mayo de 1991.

copias admite que no instruyó adecuadamente a la secretaria debido al "fuerte calendario de casos" (Escrito en cumplimiento de orden de 24 de mayo de 1991) y la tensión que en él produjo el procedimiento ante nos. Solicita que no sea disciplinado en virtud de que tiene "un fuerte calendario de casos" (íd.) pendientes y no cuenta con los recursos para devolver honorarios ni contratar otros abogados que lo sustituyan, además de que sus seis (6) hijos y su madre dependen económicamente de él.

## II

La conducta del licenciado Carlos Manzano refleja una injustificada indiferencia y desidia hacia nuestros requerimientos, los de la Oficina de Inspección de Notarías —para corregir su obra notarial— y los del Colegio de Abogados. Las circunstancias señaladas por el querellado no lo eximen de la acción disciplinaria.

■ Sus actuaciones menoscaban el ejercicio de nuestra función disciplinaria. Todo ello, en perjuicio del desarrollo eficaz del procedimiento disciplinario del cumplimiento de la función notarial, de los derechos de las personas afectadas y del descargo de la supervisión ética del Colegio de Abogados.

Tal actuación requiere que sancionemos al querellado. *In re Castro Jiménez*, 127 D.P.R. 790 (1991); *In re De Jesús Rodríguez*, 127 D.P.R. 571 (1990); *In re Freyre González*, 126 D.P.R. 884 (1990).

■ En lo relativo a su incumplimiento con nuestras órdenes que ratifica los requerimientos hechos por el Colegio de Abogados para investigar su conducta ética, *le suspendemos del ejercicio de la abogacía por un período de un (1) mes.*

■ Con respecto a las deficiencias señaladas en la obra notarial del aquí querellado, a pesar de que éstas fueron

corregidas, no lo fueron con la diligencia que requiere el descargo responsable de sus funciones como notario. Por ello, *suspendemos al Lic. Carlos Manzano del ejercicio de la notaría por un período de tres (3) meses.*

El Juez Asociado Señor Negrón García y la Juez Asociada Señora Naveira de Rodón no intervinieron.