CP-1995-3                                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
|---|---|
| David Román Rodríguez | 2000 TSPR 168 |

Número del Caso: CP-1995-3

Fecha: 14/noviembre/2000

Oficina del Procurador General:

> Lcda. Cynthia Iglesias Quiñones
> Procuradora General Auxiliar

Abogados de la Parte Querellada:

> Lcdo. Carlos Noriega
> Lcdo. Elpidio Batista Ortiz
> Lcdo. Gerardo Ortiz del Rivero
> Lcdo. Ignacio Rivera

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

David Román Rodríguez

CP-1995-3


PER CURIAM


San Juan, Puerto Rico, a 14 de noviembre de 2000.


Examinadas las determinaciones de hechos formuladas por el Comisionado Especial en su Informe sobre las alegadas violaciones del querellado David Román Rodríguez a los Cánones 18, 19, 20 y 23 de Ética Profesional, se suspende por un término de seis (6) meses de la profesión de la abogacía al querellado.

I.

El Lcdo. David Román Rodríguez fue admitido al ejercicio de la abogacía y el notariado en el año 1979. A finales de junio de 1989, Román Rodríguez

acordó asumir la representación legal del Dr. Wildo D. Colón Rivera en cuatro casos que estaban pendientes ante el entonces Tribunal Superior de San Juan, relacionados con un inmueble propiedad de Colón Rivera. A continuación relataremos cuáles fueron las actuaciones del licenciado Román Rodríguez en cada una de las referidas acciones judiciales que dieron motivo a la presentación de la querella en el presente caso.

(a) **Wildo D. Colón Rivera v. Olympic Mortgage Bankers Corp. y Carlos Mártir**, **Civil Núm. KAC 89-0324**

La única comparecencia del licenciado Román Rodríguez en este caso fue en la conferencia con antelación a la vista celebrada el 14 de noviembre de 1989, es decir, cuatro meses después de haber aceptado la representación legal de Colón Rivera. En esa única comparecencia, Román Rodríguez desistió sin perjuicio de la demanda instada por su cliente aduciendo que las alegaciones hechas en ese caso también se habían levantado en otro caso (Bayamón Housing Investment, Inc. v. Humberto J. Mirabal, Ana Matilde Rivera Vda. de Mirabal, Wildo D. Colón Rivera, Interventor, Civil Núm. KDC 89-0482), en el que su cliente, Colón Rivera, era parte interventora. El licenciado Román Rodríguez no consultó ni le informó a su cliente dicha decisión.

(b) **Bayamón Housing Investment, Inc. v. Humberto J. Mirabal, Ana Matilde Rivera Vda. de Mirabal, Wildo D. Colón Rivera, Interventor**, **Civil Núm. KDC 89-0482**

La primera comparecencia del licenciado Román Rodríguez en este caso fue en la vista en su fondo señalada para el 21 de febrero de 1990, esto es, siete meses después de haber aceptado representar a Colón Rivera, quien era un interventor en dicha acción.

Los abogados comparecientes, incluyendo el licenciado Román, informaron al Tribunal que estaban próximos a llegar a una transacción, por lo que se canceló la vista en su fondo. El licenciado Román Rodríguez no se comunicó con su cliente, ni antes, ni después, de esa fecha para informarle el tipo de arreglo que estaba negociando o para obtener su consentimiento a la posible transacción.

Llamado el caso para la vista en su fondo, Román Rodríguez compareció en representación de su cliente y desistió con perjuicio de la demanda. Tampoco

le informó a su cliente dicha decisión, ni le explicó las razones que motivaron la misma.

Posteriormente, el tribunal de instancia dictó sentencia en el caso. Eventualmente se celebró una subasta pública en la que se vendió el inmueble en cuestión. Román Rodríguez tampoco le notificó al cliente que se había dictado sentencia en su contra en el caso, ni que se había celebrado la subasta. Es cinco meses después de dictada la sentencia y un mes después de adjudicada la subasta, que Colón Rivera se entera de la información. En ese momento que Román Rodríguez le solicitó a su cliente que le enviara $8,736 para pagar la hipoteca que gravaba el inmueble objeto de ejecución en dicho caso. El cliente envió un giro a dichos efectos, el cual aunque no fue utilizado para provecho de Román, fue retenido por éste y no fue usado para hacer el pago correspondiente.

**(c) Wildo D. Colón Rivera v. Humberto J. Mirabal, Civil Núm. 86-3945 (807)**

El querellado Román Rodríguez no realizó gestión alguna en este caso.

**(d) Banco Popular v. Humberto J. Mirabal, etc., Civil Núm. CS-87-4957**

Román nunca compareció en esta acción a representar a su cliente, Colón Rivera.

Resulta pertinente puntualizar, además, que cuando el licenciado Román Rodríguez aceptó la representación legal de Colón Rivera, además de acordar que lo representaría en las cuatro acciones judiciales mencionadas anteriormente, se comprometió a diligenciar la inscripción en el Registro de la Propiedad de un inmueble y a realizar las gestiones pertinentes para intentar recuperar otro inmueble, propiedad del cliente, que había sido embargado por el Gobierno Federal. El licenciado Román Rodríguez no hizo gestión alguna con relación a estos dos asuntos.

Luego de estos incidentes, Colón Rivera le solicitó la renuncia al licenciado Román Rodríguez y le indicó que le entregara los expedientes al Lcdo. Frank Gotay Barquet. El licenciado Román rehusó entregar los expedientes. Este Tribunal, a solicitud del licenciado Gotay Barquet, le ordenó a Román que entregara los expedientes. Román entregó los expedientes incompletos.

Así las cosas, Colón Rivera, en el año 1994 presentó ante el Tribunal de Primera Instancia una acción de daños y perjuicios por impericia profesional contra el licenciado Román Rodríguez. Alegó, en síntesis, que las actuaciones del abogado antes relatadas causaron que perdiera un inmueble, la suma pagada por una hipoteca, los honorarios y otros desembolsos que hizo para proteger dicho inmueble. Además, perdió la renta que recibía de los cuatro apartamentos que ubicaban en el referido inmueble. Finalmente, adujo que las actuaciones de Román Rodríguez le habían causado angustias mentales y sufrimientos. Luego de los trámites y procedimientos de rigor, el Tribunal de Primera Instancia declaró con lugar la demanda y condenó a Román Rodríguez a satisfacer al demandante la cantidad de $264,194.

Por su parte, el Procurador General presentó una querella contra el licenciado Román Rodríguez por los mismos hechos que dieron base a la acción de daños y perjuicios por impericia profesional.

Así las cosas, a finales de 1998, este Tribunal nombró un Comisionado Especial para que recibiera la prueba correspondiente. Con motivo de su encomienda, el Comisionado convocó una conferencia con antelación a la vista a la que no compareció el querellado Román Rodríguez. Más adelante, se señaló otra vista a la que tampoco compareció Román.

En octubre de 1999 se celebró una vista ante el Comisionado Especial en la que el querellado admitió los hechos de la querella y pidió disculpas por los problemas que su conducta ocasionó. Señaló que no tenía experiencia en la litigación civil, ya que se ha dedicado a la práctica del derecho penal en el foro federal. También adujo que llegó a un acuerdo con Colón Rivera en virtud del cual le pagó $55,000 y se comprometió a otorgar un pagaré hipotecario por $113,000. El pago del remanente de la deuda iba a ser negociado posteriormente. Adujo que dicho acuerdo "disponía de la razón" por la cual el querellante había acudido a este Tribunal.

II.

Indudablemente el licenciado Román Rodríguez ha mostrado una conducta reiterada que refleja que ha violentado las obligaciones básicas para con su cliente y de los principios que ordenan los Cánones de Ética Profesional. Veamos.

**(a) <u>Deber de Diligencia y Competencia</u>**

Todo miembro de la profesión legal tiene el deber de defender los intereses del cliente diligentemente con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidad. Debe desempeñarse de una forma adecuada, responsable, capaz y efectiva. Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18; <u>In re Acosta Grubb</u>, 119 D.P.R. 595 (1987); <u>In re Roldán Figueroa</u>, 106 D.P.R. 4(1977). Incumple un abogado con sus deberes éticos cuando luego de aceptar representar a un cliente, no hace gestión profesional alguna a favor de éste. <u>In re Pagán Ayala</u>, 115 D.P.R. 431 (1984).

El querellado   no compareció ni realizó gestión de clase alguna en dos de los casos en los que representaba a su cliente. En los otros dos casos compareció cuatro y siete meses, respectivamente, después de haber aceptado la representación legal. Además, la defensa de los intereses de su cliente en ese caso fue inadecuada. Desistió en uno de los casos porque trataba sobre los mismos hechos de otro caso en el que su cliente era interventor. No obstante, desistió con perjuicio en ese otro caso. De modo que, desistió del primer caso para seguir con el segundo y luego decide desistir del segundo también, sin consultar o informar a su cliente.

Finalmente, a pesar de haberse comprometido a ello, no diligenció la inscripción en el Registro de la Propiedad de un inmueble perteneciente a su cliente ni realizó acto alguno para intentar recuperar otro inmueble propiedad del cliente que había sido embargado por el Gobierno Federal.

El querellado incumplió crasamente con sus deberes éticos pues no desplegó la responsabilidad, diligencia y competencia necesarias. La indiferencia, desidia, despreocu-pación e inacción en relación con la representación legal de su cliente constituyó un patrón de conducta del querellado Román Rodríguez.

La única contención del querellado para explicar su proceder es que no tenía experiencia en la litigación civil, ya que ha dedicado su práctica legal al derecho penal en el foro federal. No nos persuade. Es impropio el que un abogado asuma la representación profesional cuando esté consciente de que no

puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Canon 18 de los Cánones de Ética Profesional, *supra*.

**(b) Deber de Información**

Un abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo. Canon 19 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap.IX, C. 19. Debe el abogado consultar a su cliente sobre cualquier duda sobre asuntos que no caigan en el ámbito discrecional. Véase In re Acosta Grubb, 119 D.P.R. 595 (1987); In re Cardona Vázquez, 108 D.P.R. 6 (1978). También hemos señalado que el abogado tiene el deber de mantenerse informado sobre las decisiones de un tribunal con respecto a los asuntos sobre los cuales ostenta la representación de una de las partes en un litigio. Otero Fernández v. Alguacil, 116 D.P.R. 733 (1985).

El querellado Román Rodríguez no le informó a su cliente aspectos y desarrollos fundamentales en los asuntos que tenía a su cargo. Así, desistió con perjuicio en dos de los casos en los que representaba a su cliente sin consultarle, o siquiera informarle de los desistimientos.

Por otro lado, se dictó sentencia en uno de los casos y Román no se lo informó al cliente. Es después de cinco meses de dictada la sentencia que el cliente se entera de dicha información. Ciertamente, una sentencia, que pone fin, parcial o totalmente la causa de acción es uno de los asuntos a ser informados por el abogado inmediatamente al cliente. Colón Prieto v. Géigel, 115 D.P.R.232 (1984).

Por otra parte, Román Rodríguez en uno de los casos que tenía a su cargo llevó a cabo conversaciones dirigidas a llegar a un acuerdo de transacción con las demás partes sin comunicarse con el cliente para informarle el tipo de arreglo que estaba negociando o para obtener su consentimiento a la posible transacción. Es deber del abogado notificar a su cliente de cualquier oferta de transacción. Canon 18 de Ética Profesional, *supra*.

Finalmente, surge del expediente que Colón Rivera en varias ocasiones se comunicó por carta y por teléfono con Román Rodríguez para indagar sobre

el estado de situación de los asuntos que le encomendó y éste no le contestaba dichos requerimientos.

A la luz de lo anterior, es evidente que el licenciado Román incumplió en reiteradas ocasiones su deber ético de mantener informado a su cliente.

**(c) Renuncia de Representación Legal**

El Canon 20 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap.IX, C. 20, establece que al ser efectiva la renuncia del abogado, éste tiene la obligación de hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso. Una vez el cliente solicita la entrega del expediente, el abogado viene obligado a entregarlo de inmediato y sin dilación alguna. In re Avilés Vega, res. el 11 de octubre de 1996, 139 D.P.R.__(1996).

Colón Rivera le solicitó al querellado la renuncia de la representación. Además, le indicó que le entregara los expedientes de los casos al Lcdo. Gotay Barquet. Este último solicitó mediante cartas y llamadas telefónicas la entrega de los expedientes, a lo que se negó el querellado. No es hasta que este Tribunal lo ordena cuando Román entrega los expedientes. Sin embargo, los entregó incompletos, viéndose precisado Colón Rivera a solicitar en el Tribunal de Primera Instancia copia de los documentos que faltaban en el expediente.

El licenciado Román incumplió con su deber de entregar prontamente y sin dilaciones los expedientes de su cliente, cuando este así lo requirió.

**(d) Retención Indebida de Fondos del Cliente**

Hemos señalado que un abogado incurre en grave falta y es altamente impropio retener fondos pertenecientes al cliente, aun cuando el abogado no tenga la intención de apropiárselos. Véase Canon 23 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap.IX, C. 23; In re Vázquez O´Neill, 121 D.P.R 623 (1988).

Como señalamos anteriormente, el querellado Román Rodríguez le solicitó a su cliente que le enviara $8,736 para pagar la hipoteca objeto de ejecución en una acción judicial. El cliente envió un giro a dichos efectos, el cual aunque no fue utilizado para provecho de Román, fue retenido por éste y no fue usado para pagar la referida hipoteca. Es evidente que el querellado no

debió haber retenido los fondos del cliente, sin haberlos destinado al uso que el cliente le instruyó.

**(d) Incumplimiento, demoras y tardanzas irrazonables dentro del procedimiento disciplinario**

El querellado incurrió en conducta profesional antiética al desobedecer las órdenes de este Tribunal y al requerimiento de contestación del Colegio de Abogados. El licenciado Román nunca contestó la queja, ni la querella presentada por el Procurador General. Por el contrario, se limitó a presentar ante este Tribunal mociones de prórroga para contestar la querella y mociones informativas. Por otro lado, el querellado no compareció a dos vistas señaladas por el Comisionado Especial nombrado por este Tribunal para que recibiera la prueba correspondiente.

Así, Román Rodríguez ha mostrado una conducta de extrema falta de rigor y puntualidad en la atención de los plazos judiciales y requerimientos, dando lugar a dilaciones y tardanzas en el proceso disciplinario en su contra.

Resulta pertinente destacar que en una ocasión anterior este Tribunal suspendió indefinidamente de la profesión a Román Rodríguez por el mismo motivo, pues no atendió las comunicaciones del Colegio de Abogados en otro procedimiento disciplinario presentado contra él, ni respondió diligentemente a las órdenes de este Tribunal. Véase In re David Román, resuelto el 10 de febrero de 1999, 99 TSPR 34.[1]

Hemos señalado que la naturaleza de la función de la abogacía requiere una escrupulosa atención y obediencia a las órdenes del Tribunal Supremo particularmente cuando se trate de trámites relacionados con la conducta profesional. In re Santiago Méndez, 129 D.P.R. 696 (1991); In re Álvarez Meléndez, 129 D.P.R. 494 (1991). La conducta de un abogado de desatender requerimientos de este Tribunal con relación a una queja presentada en el Colegio de Abogados acarrea sanción disciplinaria. In re Manzano, 129 DPR 955 (1992).

III.

---

[1] Mediante resolución, reinstalamos a Román Rodríguez al ejercicio de la abogacía. Véase In re Román Rodríguez, res. el 18 de febrero de 2000.

En suma, Román Rodríguez incumplió su deber de desplegar la responsabilidad, diligencia, competencia y eficacia requerida en los asuntos que le fueron encomendados. Además, violó su deber de mantener informado a su cliente de los asuntos que tenía a su cargo. También retuvo bienes de su cliente sin destinarlos para los propósitos que le ordenó el cliente y se demoró inexcusablemente en devolver los expedientes a su cliente, cuando así le fue requerido. Por último, el querellado demostró una falta de rigor y puntualidad durante el proceso disciplinario.

Arguye Román Rivera que el acuerdo económico al que llegó con su cliente en la acción de daños y perjuicios por impericia profesional "dispone de la razón" por la cual el querellante había acudido a este Tribunal. No tiene razón. Hemos indicado el ejercicio de la jurisdicción disciplinaria de este Tribunal no puede ser precluido en virtud de un acuerdo de transacción entre el abogado y el cliente perjudicado. In re Pagán Ayala, 117 D.P.R. 181 (1986).

En vista de que el querellado incumplió repetida y crasamente los Cánones de Ética Profesional, y los deberes y obligaciones que tenía para con su cliente, procede decretar la suspensión inmediata de Román Rodríguez de la profesión de la abogacía por un término de seis (6) meses.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

David Román Rodríguez

CP-1995-3

SENTENCIA

San Juan, Puerto Rico, a 14 de noviembre de 2000.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se dicta Sentencia y se suspende inmediatamente por un término de seis meses al Lcdo. David Román Rodríguez del ejercicio de la abogacía.

Román Rodríguez deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30)días, que se cumplió con lo antes señalado. El cumplimiento de estos deberes, deberá ser notificado también al Procurador General.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Juez Asociada señora Naveira de Rodón no intervienen.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo