*In re* JUAN JOSÉ SANTIAGO GONZÁLEZ, querellado.

*Número:* 4424    *Resuelto:* 15 de junio de 1988

*Norma Cotti Cruz, Subprocuradora General* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogadas de El Pueblo.

PER CURIAM: El 28 de octubre de 1987 el Procurador General de Puerto Rico sometió una querella contra el Lcdo. Juan José Santiago González por ejercicio ilegal de la notaría.[1] Esta querella fue notificada el 16 de noviembre de 1987. Concedimos término de 15 días al querellado para que presentara su contestación. El 10 de diciembre, a solicitud de éste, prorrogamos el término para contestar por 30 días adicionales. Transcurrió en exceso dicho término sin que compareciera. Mediante resolución de 28 de enero de 1988, concedimos término adicional de 20 días para que mostrara

---

[1] El querellado fue suspendido del ejercicio de la notaría el 30 de junio de 1982.

causa por la cual no se debía estimar su incomparecencia como una aceptación de los hechos aducidos en la querella y quedara el asunto sometido a la consideración del Tribunal para imposición de la correspondiente sanción disciplinaria. Transcurrido el término, tampoco compareció. En vista de esta situación, por resolución de 3 de marzo de 1988, acordamos dar por aceptados los hechos expuestos en la querella y declarar sometido el asunto a la consideración final de este Tribunal, según lo apercibido en nuestra anterior resolución.

Se imputa en la querella al Lcdo. Juan José Santiago González haber ejercido ilegalmente la notaría al autorizar las escrituras número 3 de compraventa de 14 de julio de 1984 y la número 6 también de compraventa de 30 de septiembre de 1985,[2] aun cuando había sido suspendido del ejercicio de la notaría a partir del 30 de junio de 1982.

■ Este proceder acusa graves violaciones a los Cánones de Ética Profesional, los cuales exigen al abogado ejercer su profesión con sinceridad y honradez, así como conducirse, no sólo en el desempeño de su profesión, sino en su vida privada de manera digna y honorable. Cánones 35 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX.

■ La conducta de este abogado de hacerle creer a las partes otorgantes que él estaba autorizado legalmente para realizar las delicadas gestiones que ellos le encomendaron no sólo violenta los cánones citados, sino que incluso constituye conducta delictiva[3] de clara depravación moral. Véanse: *In re Duprey Maese*, 119 D.P.R. 478 (1987); *In re Flores Betancourt*, 119 D.P.R. 479 (1987); *In re Malavé Ortiz*, 119 D.P.R. 492 (1987).

---

[2] La transacción recogida en esta escritura pública fue objeto de controversia judicial, tanto en el foro de instancia como ante este Tribunal. Véanse: caso Civil Núm. 86-1174, Tribunal Superior de Carolina, y caso Núm. RE-86-423 del Tribunal Supremo.

[3] 4 L.P.R.A. sec. 740.

En atención a los méritos de esta querella, así como el persistente incumplimiento de nuestras órdenes por parte del querellado, *se decreta la separación permanente del Lcdo. Juan José Santiago González del ejercicio de la abogacía y se ordena se elimine su nombre del Registro de Abogados.*

El Juez Asociado Señor Ortiz se inhibió.