*In re* MANUEL ROSA BATISTA, querellado.

*Número:* AB-88-16          *Resuelto:* 21 de octubre de 1988

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías.*

I

PER CURIAM: Mediante comunicación de 28 de diciembre de 1987, el Director de la Oficina de Inspección de Notarías trajo a nuestra atención la dificultad que confrontaba para examinar la obra notarial del Lcdo. Manuel Rosa Batista. En virtud de la resolución de 15 de enero de 1988, concedimos término de treinta (30) días para que dicho abogado pusiera a la disposición del Inspector sus protocolos y registros de afidávit y sometiera los índices notariales e informe estadístico atrasados. Además, concedimos término para que mostrara causa por la cual no debía ser disciplinado como abogado y notario.

El 8 de febrero de 1988, el licenciado Rosa Batista entregó en las oficinas del Inspector su obra notarial. La misma fue examinada, encontrándose en ella varias deficiencias. Una vez éstas se notificaron, algunas fueron corregidas por el notario y otras no. A pesar de la insistencia del Lcdo. Govén D. Martínez Surís, en favor de la pronta corrección de las mismas, el licenciado Rosa Batista ni siquiera se ha comunicado con el Director de la Oficina de Inspección de Notarías.

Informada dicha situación a este Tribunal, mediante Resolución de 9 de junio de 1988, concedimos término de noventa (90) días al querellado para corregir las deficiencias y las violaciones a la Ley Notarial de Puerto Rico. Le apercibimos, además, de que el incumplimiento de nuestra orden podría dar lugar a acción disciplinaria. Transcurrido en exceso los noventa (90) días, fuimos notificados por el Lcdo.

Govén D. Martínez Surís en el sentido de que el licenciado Rosa Batista no ha respondido a nuestra orden.

Además de la situación antes descrita, la Sra. Socorro Calderón Rivera presentó una queja ante la Secretaría de este Tribunal contra el Lcdo. Manuel Rosa Batista, en la que alega haber convenido con éste en la preparación y autorización de unas escrituras de segregación de ciertos solares en el Municipio de Cayey, para lo cual le adelantó el pago de $540 sin que hasta el presente, ocho (8) años después, se haya realizado tal encomienda. Añade que desconoce el paradero del querellado quien, además del dinero, tiene en su poder varios documentos pertenecientes a la querellante.

Mediante resolución de 18 de agosto de 1988, concedimos término de treinta (30) días al licenciado Rosa Batista para que respondiera a la queja presentada por la señora Calderón, bajo apercibimiento de ser disciplinado. Ha transcurrido dicho término sin que tampoco el querellado haya comparecido. Dada esta situación, se impone la necesidad de tomar las medidas disciplinarias de rigor contra el Lcdo. Manuel Rosa Batista.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Ello incluye el estricto cumplimiento de las órdenes y resoluciones de este Tribunal, sobre todo, las concernientes a nuestra jurisdicción disciplinaria. *In re Santiago González*, 121 D.P.R. 580 (1988); *Pueblo v. Vega, Jiménez*, 121 D.P.R. 282 (1988); *In re Pereira Esteves*, 116 D.P.R. 791 (1985). El licenciado Rosa Batista se ha caracterizado por un persistente incumplimiento de nuestras órdenes, en absoluto menosprecio de su deber de respetar las mismas, en clara violación del referido Canon 9, *supra*. Ello ha ocurrido, tanto en relación con la queja presentada por la señora Cal-

derón, como en lo relativo a su gestión como notario. Tal conducta es "detrimental a una eficiente administración de la justicia en nuestra jurisdicción". *In re Pereira Esteves*, supra, pág. 792. Reafirmamos que no estamos en disposición de tolerar conducta de esa naturaleza.

■ Aunque lo anterior podría ser suficiente para decretar la suspensión del querellado del ejercicio de la abogacía, éste, además, ha incurrido en graves violaciones a la Ley Notarial de Puerto Rico[1] y a sus deberes como notario al negarse incomprensiblemente a corregir varias deficiencias en sus protocolos y registros de afidávit. Como hemos expresado antes, "[e]l reiterado incumplimiento con las exigencias de la Ley Notarial acusa una indiferencia de parte del notario que le coloca 'en el umbral de la incapacidad para actuar en tan delicado y puntilloso ministerio'". (Énfasis suprimido.) *In re Hernández Ramírez*, 120 D.P.R. 366, 367 (1988). Véase *In re Pagani Rodríguez*, 109 D.P.R. 831 (1980).

Por último, el licenciado Rosa Batista estaba apercibido de la acción que hoy adoptamos según surge de nuestras resoluciones debidamente notificadas a su última dirección en el estado de Illinois, y de las cuales se acusó recibo. Más aún, mediante resolución de 8 de diciembre de 1983, en ocasión de reinstalar al querellado al ejercicio de la notaría, le apercibimos del estricto cumplimiento con la Ley Notarial de Puerto Rico. Tal apercibimiento evidentemente ha sido crasamente desoído.

En mérito de lo antes expresado, *se decreta la suspensión indefinida del Lcdo. Manuel Rosa Batista del ejercicio de la abogacía.*

---

[1] 4 L.P.R.A. secs. 891, 1006, 1015, 1017, 1020(3) y 1025; 31 L.P.R.A. sec. 2182.