In re JOSÉ RAFAEL MELÉNDEZ MULERO.

*Número:* 7023    *Resuelto:* 4 de diciembre de 1989

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías; José Rafael Meléndez Mulero, pro se.*

I

PER CURIAM: El 6 de abril de 1989 el Director de la Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez Surís, nos informó que hasta el 7 de noviembre de 1988 el Lcdo. José Rafael Meléndez Mulero no había rendido sus índices notariales durante ocho (8) meses en 1985, siete (7) meses en 1986, dos (2) meses en 1987 y diez (10) meses en 1988.

Nos informó, además, que luego de ser notificado de su incumplimiento, el licenciado Meléndez Mulero rindió los índices que tenía atrasados, pero no proveyó ninguna justificación por su conducta. Por esta razón, se le devolvieron los índices el 29 de noviembre de 1988 y se le requirió que volviera a rendirlos acompañándolos de la justificación correspondiente. El abogado no cumplió con el requerimiento.

El 26 de abril de 1989 este Tribunal emitió una resolución mediante la cual se ordenaba al licenciado Meléndez Mulero que dentro de un plazo de diez (10) días cumpliera con el requerimiento que le hiciera el Director de la Oficina de Inspección de Notarías. El abogado no cumplió con esta orden.

En vista de este incumplimiento, emitimos otra resolución el 8 de junio de 1989, donde le ordenamos que dentro de un término de quince (15) días cumpliera con la Resolución de 26 de abril de 1989 y compareciera por escrito para mostrar causa por la cual no debía ser objeto de sanciones disciplinarias, incluso la suspensión de la notaría. El licenciado Meléndez Mulero tampoco cumplió con esa orden.

Finalmente, el 20 de julio de 1989 emitimos una tercera resolución en la que suspendimos provisionalmente al abogado del ejercicio de la notaría y ordenamos al Alguacil General que se incautara de su obra notarial. Le concedimos veinte (20) días para mostrar causa por la que no debía ser sancionado como abogado por su reiterado incumplimiento con la Ley Notarial de Puerto Rico y con las órdenes de este Tribunal.

El licenciado Meléndez Mulero ha comparecido y expone que tiene una limitada práctica notarial y que su incumplimiento con los deberes notariales se debió a problemas administrativos en su oficina y en el correo. Nos indica que no fue su intención incumplir con sus obligaciones notariales.

De los documentos sometidos se desprende que durante ese período su práctica notarial efectivamente estuvo cuantitativamente limitada.

## II

En primer lugar, nos sorprende que a pesar de nuestros múltiples pronunciamientos sobre la obligación de los notarios de rendir los índices notariales todavía persista esta actitud de dejadez y negligencia por parte de algunos letrados con un requisito relativamente sencillo que no re-

quiere conocimientos especializados o la preparación de un escrito complejo. Aunque su rigurosa observancia exige una organización administrativa mínima en cada oficina de abogados, esta "obligación . . . forma parte integral e importante del esquema legislativo conducente a rodear el acto de fe pública con la más completa garantía de veracidad" —*In re Rigau, Jr.*, 118 D.P.R. 89, 92 (1986)— y de confiabilidad. *In re Alvarado Tizol*, 122 D.P.R. 587 (1988); *In re Bonilla Martínez*, 120 D.P.R. 682 (1988).

En el caso de autos, el licenciado Meléndez Mulero incumplió con esta obligación que la ley notarial le impone, y sus explicaciones no justifican adecuadamente su conducta. Independientemente de los problemas secretariales y administrativos que pudo haber tenido el notario, su comparecencia no explica su incumplimiento con las Resoluciones de 26 de abril de 1989 y de 8 de junio de 1989. Este Tribunal no puede aceptar esta conducta y aprovecha la ocasión para reafirmar que seremos rigurosos al aplicar sanciones disciplinarias por incumplimiento con estas disposiciones de la Ley Notarial de Puerto Rico. *In re Rosa Batista*, 122 D.P.R. 485 (1988); *In re Colón de Zengotita*, 116 D.P.R. 303, 305 (1985).

Por otro lado, su inobservancia de las órdenes de este Tribunal "menoscaba la jurisdicción disciplinaria de este Foro y 'atenta contra el compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz en nuestra sociedad'. *In re Ayala Hernández*, 121 D.P.R. 758, 760 (1988)". *In re La Fontaine Martell*, 123 D.P.R. 433, 434 (1989).

En estas circunstancias, y considerando su historial previo, *procede decretarse la suspensión del Lcdo. José Rafael Meléndez Mulero por dos (2) años del ejercicio de la notaría y se le sanciona como abogado amonestándolo severamente con el apercibimiento que de incurrir en el futuro en conducta análoga a la aquí descrita estará sujeto a medidas disciplinarias más severas.*

*Se dictará sentencia de conformidad.*