CC-96-2                           - 1 -

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| IN RE:<br>Miguel A. Laborde Freyre<br><br>     .V | Conducta<br>Profesional<br><br>TSPR-98-14 |

Número del Caso: AB-97-113

Abogados Parte Demandante: Hon. Carlos Lugo Fiol
Procurador General

Lcda. Yvonne Casanova Pelosi
Procuradora General Auxiliar

Abogados Parte Demandada: Por derecho propio

Abogados Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 2/13/1998

Materia:

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correciones del
    proceso de compilación y publicación oficial de las
    decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Laborde Freyre                    AB-97-113

PER CURIAM

San Juan, Puerto Rico a 13 de febrero de 1998.

I.

El 16 de enero de 1996, se presentó una queja en la Oficina del Procurador General contra el licenciado Miguel A. Laborde Freyre. En esencia, el querellante alegó que había contratado los servicios profesionales del Lcdo. Laborde Freyre para que lo representara en una acción civil. Para ello, le dio por adelantado la suma de $300.00. Más tarde, al percatarse de que el Lcdo. Laborde Freyre no había realizado gestión alguna con su caso, el querellante le solicitó que le reembolsara el dinero. Luego de insistir, Laborde Freyre le expidió un cheque por $225.00 dólares, el cual resultó no tener fondos.

Ante la queja presentada, la Oficina del Procurador General le envió una carta al Lcdo. Laborde Freyre el 29 de enero de 1996. En ella, le informó el contenido de la queja formulada en su contra y le concedió un término de diez (10) días, contados desde el recibo de la

comunicación, para que se expresara en torno a las alegaciones formuladas en su contra.

El 21 de marzo de 1996, transcurridos casi dos meses desde el envío de la carta, la secretaria del querellado contestó la comunicación y le informó al Procurador General que el abogado Laborde Freyre se encontraba fuera de Puerto Rico y que regresaría a su oficina el 8 de abril del mismo año. En vista de ello, solicitó que se le concediera una prórroga para contestar la querella. En esta carta, se indicó que "[l]a prórroga que solicita [el Lcdo. Laborde Freyre] es hasta el 12 de abril de 1996".

Al no formular su contestación en la fecha antes indicada, el Procurador General le remitió una segunda comunicación a Laborde Freyre el 8 de octubre de 1996 en la que se le concedió un término adicional de tres (3) días para que ofreciera su versión sobre los hechos alegados por el querellante. Laborde Freyre nunca compareció ante el Procurador General. Eventualmente, el 3 de septiembre de 1997, el Procurador General acudió ante nos para informarnos de lo acontecido y para solicitarnos que ejerciéramos nuestra jurisdicción disciplinaria.

El 24 de octubre de ese mismo año, emitimos una resolución en la que le concedimos al Lcdo. Laborde Freyre

un término de treinta (30) días para que compareciera ante la Oficina del Procurador General y expresara su versión respecto a la queja presentada en su contra. Asimismo, le apercibimos de que el incumplimiento de nuestra orden sin causa justificada acarrearía su separación del ejercicio de la abogacía sin más citarle ni oírle. Esa resolución le fue notificada personalmente al querellado.

El 9 de enero de 1998, el Procurador General compareció ante nos para informarnos que el Lcdo. Laborde Freyre aún no había comparecido ante su Oficina. Ante estos hechos, el ejercicio de nuestra función disciplinaria resulta inevitable.

II.

En el ejercicio de nuestra función disciplinaria, hemos sido enfáticos al expresar que la indiferencia de los abogados a responder órdenes de este Tribunal, de por sí conlleva la imposición de sanciones disciplinarias severas. In re Manzano Velázquez, Opinión y Sentencia de 22 de noviembre de 1993, ___ D.P.R. ___ (1993); In re Morales Asencio, Opinión y Sentencia de 22 de noviembre de 1993, ___ D.P.R. ___ (1993); In re Alvarez de Cintrón y otros, Opinión y Sentencia de 3 de noviembre de 1993, ___ D.P.R. ___ (1993). Igual conclusión se impone, cuando los abogados demuestran indiferencia desmedida hacia el trámite de querellas formuladas en su contra ante la Oficina del Procurador General. In re Rosa Batista, 122 D.P.R. 485 (1988); In re Pereira Esteves, 116 D.P.R. 791 (1985). En el presente caso, el Lcdo. Laborde Freyre desatendió tanto requerimientos del Procurador General como órdenes emitidas por este Foro.

La incomparecencia del Lcdo. Laborde Freyre ante la Oficina del Procurador General y ante este Tribunal no sólo constituyó una actuación detrimental para la administración de la justicia, ya que imposibilitó que se tramitara con prontitud y diligencia una querella presentada por un ciudadano, sino que, además, revela un alto grado de indiferencia por parte de Laborde Freyre hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros.

En vista de lo anterior, se decreta la suspensión indefinida del ejercicio de la abogacía en esta jurisdicción del abogado Miguel A. Laborde Freyre.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Miguel A. Laborde Freyre


AB-97-113


SENTENCIA


San Juan, Puerto Rico, a 13 de febrero de 1998.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se suspende al licenciado Miguel A. Laborde Freyre del ejercicio de la abogacía.

Se ordena al Alguacil que con carácter prioritario se incaute de la obra notarial del abogado.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo