## En el Tribunal Supremo de Puerto Rico

| IN RE:<br><br>ANGEL M. FINES FERRER<br><br>.V | CONDUCTA PROFESIONAL<br><br>**98TSPR-81** |
|---|---|

Número del Caso: **AB-98-48**

Abogados Parte QUERELLANTE:

    LCDO. CARLOS LUGO FIOL,

    PROCURADOR GENERAL AUXILIAR;

    YVONNE CASANOVA PELOSI,

    PROCURADORA GENERAL AUXILIAR

Abogados Parte QUERELLADA: POR DERECHO PROPIO

Abogados Parte Interventora:

Tribunal de Instancia:

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 6/26/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Angel M. Fines Ferrer AB-98-48

**PER CURIAM**

San Juan, Puerto Rico a 26 de junio de 1998.

**I.**

El 14 de febrero de 1997, el Sr. Martín Valles Vega presentó una querella contra el Lcdo. Angel M. Fines Ferrer en la Oficina del Procurador General de Puerto Rico. En esencia, alegó que el licenciado Fines Ferrer había otorgado la Escritura Número 2 sobre Segregación y Compraventa con ciertos defectos que habían imposibilitado su inscripción en el Registro de la Propiedad. Expresó, además, que tales defectos no habían sido corregidos debido a que se le había hecho imposible localizar al licenciado querellado.

El 17 de julio de 1997, la Oficina del Procurador General notificó la querella al licenciado Fines Ferrer. Este, no respondió. Ante ello, el Procurador General le remitió una segunda notificación el 3 de septiembre de 1997, la cual fue contestada por el licenciado Fines Ferrer el 13 de septiembre del mismo año. En esa ocasión, Fines Ferrer informó que se había comunicado con el querellante para corregir los defectos señalados y que eventualmente informaría los resultados de sus gestiones.

El 23 de septiembre siguiente, el Procurador General le requirió al abogado querellado que en un término de treinta (30) días informara el status de las gestiones para corregir las deficiencias señaladas. Esta comunicación fue enviada a la misma dirección que las cartas anteriores.

El 29 de enero de 1998, luego de que el licenciado Fines Ferrer se comunicara telefónicamente con la Oficina del Procurador General para informarle su nueva dirección, le fue remitida una nueva comunicación para recordarle que debía informar en qué situación se encontraban las gestiones encaminadas a corregir los defectos señalados en la querella. Fines Ferrer, sin embargo, no cumplió con este requerimiento. Ante este cuadro, la Oficina del Procurador General compareció ante nos el 16 de marzo de 1998 solicitándonos que ejerciéramos nuestra jurisdicción disciplinaria.

El 17 de abril de 1998 emitimos una Resolución en la que le concedimos diez (10) días al licenciado Fines Ferrer para que contestara los requerimientos del Procurador General. Además, le ordenamos que mostrara causa por la cual no debía ser disciplinado por su reiterado incumplimiento con los requerimientos del Procurador General y expresamente le apercibimos de que su incumplimiento con la resolución conllevaría su suspensión automática del ejercicio de la abogacía y notaría.

El 28 de abril de 1998 el licenciado Fines Ferrer, mediante carta, nos comunicó que por "diferencias con el compañero con quien compart[e] oficinas, había decidido no continuar en [ella]" pero que sus pertenencias "relacionadas con su profesión permanecen en el mismo lugar". Nos expresó, además, que tan pronto gestionara una nueva oficina, nos informaría "su decisión", así como su nueva dirección. Sin embargo, no nos informó si había cumplido con los requerimientos del Procurador General.

El 18 de mayo de 1998, el Procurador General acudió nuevamente ante nos para advertirnos del nuevo incumplimiento del licenciado Fines Ferrer.

## II.

Hemos sido enfáticos al expresar que la indiferencia de los abogados a responder órdenes de este Tribunal, de por sí, conlleva la imposición de sanciones disciplinarias severas. In re: Laborde Freyre, Opinión y Sentencia de 13 de febrero de 1998, ___ D.P.R. ___ (1998). In re: Manzano Velázquez, Opinión y Sentencia de 22 de noviembre de 1993, 134 D.P.R. ___ (1993); In re: Morales Asencio, Opinión y Sentencia de 22 de noviembre de 1993, 134 D.P.R. ___ (1993); In re: Alvarez de Cintrón y otros, Opinión y Sentencia de 3 de noviembre de 1993, 134 D.P.R. ___ (1993). La misma conclusión se impone ante una conducta de reiterada indiferencia por parte de los abogados hacia el trámite de querellas formuladas en su contra ante la Oficina del Procurador General. In re: Rosa Batista, 122 D.P.R. 485 (1988); In re: Pereira Esteves, 116 D.P.R. 791 (1985). En el presente caso, el licenciado Fines Ferrer desatendió tanto requerimientos del Procurador General como órdenes emitidas por este Foro.

Las incomparecencias del licenciado Fines Ferrer ante la Oficina del Procurador General y ante este Tribunal reflejan un alto grado de indiferencia hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros. Además,

constituyen actuaciones detrimentales para la administración de la justicia, ya que ha imposibilitado que se tramite con prontitud y diligencia una querella presentada por un ciudadano. In re: Laborde Freyre, supra. En vista de lo anterior, estamos compelidos a decretar la suspensión indefinida del ejercicio de la abogacía y notaría en nuestra jurisdicción del licenciado Angel M. Fines Ferrer hasta que el abogado cumpla con los requerimientos y órdenes reseñadas, asunto que será determinado por este Tribunal.

Se dictará la sentencia correspondiente.

### EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Angel M. Fines Ferrer AB-98-48

### SENTENCIA

San Juan, Puerto Rico a 26 de junio de 1998.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se decreta la suspensión indefinida del licenciado Angel M. Fines Ferrer del ejercicio de la abogacía y la notaría en nuestra jurisdicción hasta que otra cosa disponga este Tribunal.

Se ordena al Alguacil del Tribunal a que proceda a incautarse de la obra notarial, para ser entregada a la Directora de la Oficina de Inspección de Notarías.

Lo pronunció el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno

Secretaria del Tribunal Supremo

Retornar al índice anterior