EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Carlos E. Montañez Alvarado | 2003 TSPR 162 <br><br> 160 DPR \_\_\_\_ |

Número del Caso: TS-8085

Fecha: 21 de octubre de 2003

Oficina de Inspección de Notarías:

         Lcda. Carmen H. Carlos
         Directora

Abogado de la Parte Peticionaria:

         Por Derecho Propio

Materia: Conducta Profesional
     (La suspensión es efectiva a partir del 4 de noviembre de 2003, fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carlos E. Montañez Alvarado

TS-8085

*PER CURIAM*

San Juan, Puerto Rico, 21 de octubre de 2003

Mediante comunicación, de fecha de 2 de abril de 2003, la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos nos informó que el abogado notario Carlos E. Montañez Alvarado ha incumplido reiteradamente con su obligación de rendir índices notariales mensuales, sin haber acreditado razones para ello y a pesar de los múltiples requerimientos que, a esos efectos, le ha hecho la referida Oficina. Específicamente, el licenciando Montañez no ha presentado los índices notariales correspondientes a los meses de marzo de 1994; abril de 1995; noviembre de 1996; septiembre de 1997; febrero, abril, octubre y diciembre de 1999; enero, julio y agosto de 2000; enero,

septiembre y diciembre de 2001; y marzo, mayo, julio y septiembre de 2002.

El 30 de mayo de 2003, mediante Resolución a esos efectos, le concedimos al licenciado Montañez un término de veinte (20) días para que rindiera los índices notariales pendientes y mostrara causa por la cual este Tribunal no debía suspenderlo del ejercicio de la abogacía y notaría por tal omisión. En su comparecencia ante nos el licenciado Montañez presentó los índices notariales adeudados, mas no adujo excusa ni razón alguna para justificar su incumplimiento.

I

El ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. El abogado que entienda que no puede cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su Reglamento debe, en un ejercicio de honestidad profesional, abstenerse de practicar el notariado. *In re Cruz Ramos*, 127 D.P.R. 1005, 1007 (1991).

Como parte de esas obligaciones se encuentra la de remitir a la Oficina de Inspección de Notarías un índice mensual sobre la actividad notarial no más tarde del décimo día calendario del mes siguiente al que se informa. Artículo 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2023; Regla 12 del Reglamento Notarial. Esta

obligación surge expresamente del texto de la Ley y su cumplimiento no requiere conocimientos especiales, *In re Meléndez Mulero*, 124 D.P.R. 815, 817-18 (1989), sino que se trata de "un procedimiento tan sencillo que corresponde a todos los notarios diseñar un método para asegurar su cumplimiento..." *In re* Cruz Ramos, ante, a la pag. 1007.

En repetidas ocasiones hemos enfatizado que el deber de los notarios de rendir índices notariales es uno de estricto cumplimiento. *In re* Jusino López, 145 D.P.R. 52, 56 (1998); *In re* Garay Texidor, 142 D.P.R. 220 (1997); *In re* Bray Leal, 137 D.P.R. 816, 818 (1995); *In re* Odell Peck, 137 D.P.R. 461, 463 (1994). La omisión de cumplir con dicha obligación no sólo constituye una falta grave, sino también, una conducta ilegal que puede acarrear la imposición de severas medidas disciplinarias. Véase: *In re* Jusino López, ante; *In re* Cruz Ramos, ante; *In re* Porrata-Doria Harding, 128 D.P.R. 416 (1991); *In re* Santiago Arroyo, 132 D.P.R. 239 (1992); *In re* Bonilla Martínez, 120 D.P.R. 682 (1988); *In re* Colón Zengotita, 116 D.P.R. 303, (1985). Por otro lado, hemos resuelto que el dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios. Véase: *In re* Jusino López, ante; *In re* Alvarado Tizol, 122 D.P.R. 587 (1988).

Lo expresado anteriormente es más que suficiente para concluir que cuando un notario incumple con esta

importante obligación se coloca en el umbral de la incapacidad para ejercer el notariado. *In re* Jusino López, ante; *In re* Rivera Lassen, 116 D.P.R. 325 (1985).

## II

En el presente caso el licenciado Montañez ha incumplido reiteradamente con su obligación de rendir índices notariales mensuales, y con su deber de actuar diligentemente ante los múltiples requerimientos, que a esos efectos, le hiciera la Oficina de Inspección de Notarías.[1] Fue necesaria nuestra intervención para que éste finalmente cumpliera con su deber legal de presentar los referidos índices. En virtud de este cuadro fáctico y considerando, además, que el notario no ha aducido razón ni justificación alguna que explique el incumplimiento con sus deberes, procede decretar la suspensión inmediata e indefinida de Carlos E. Montañez Alvarado del ejercicio del notariado en Puerto Rico, efectiva la misma a partir del día en que el Alguacil de este Tribunal notifique de la Sentencia dictada en el presente caso al notario.

El Alguacil deberá, además, incautarse en dicho día, de la obra notarial del referido notario, incluyendo su

---

[1] Ello en contravención con la norma que establece que los notarios deben actuar con prontitud y diligencia ante los requerimientos de la Oficina de Inspección de Notarías. Véase: *In re* Ocasio López, res. el 30 de mayo de 2002, 2002 T.S.P.R. 105; *In re* Mangual López, res. el 23 de octubre de 2000, 2000 T.S.P.R. 167.

sello notarial, la cual deberá entregar a la Oficina de Inspección de Notarías para la acción correspondiente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carlos E. Montañez Alvarado

                    TS-8085

SENTENCIA

San Juan, Puerto Rico, 21 de octubre de 2003

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida de Carlos E. Montañez Alvarado del ejercicio del notariado en Puerto Rico, efectiva la misma a partir del día en que el Alguacil de este Tribunal notifique de la Sentencia dictada en el presente caso al notario.

El Alguacil deberá, además, incautarse en dicho día, de la obra y sello notarial del referido notario, la cual deberá entregar a la Oficina de Inspección de Notarías para la acción correspondiente.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo