EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>José R. Meléndez Mulero<br>(TS-7,023) | 2022 TSPR 03<br><br>208 DPR |

Número del Caso:  CP-2016-0020


Fecha:  13 de enero de 2022


Oficina del Procurador General:

    Lcda. Karla Z. Pacheco Álvarez
    Subprocuradora General

    Lcdo. Joseph G. Feldstein del Valle
    Subprocurador General

    Lcda. Lorena Cortes Rivera
    Subprocuradora General

    Lcda. Minnie H. Rodríguez López
    Procuradora General Auxiliar


Abogados del Querellado:

    Lcdo. Gerardo E. Tirador Menéndez
    Lcda. Daisy Calcaño López


Comisionado Especial:

      Hon. Carlos Rodríguez Muñiz


Materia:  Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía por el término de un año por infringir los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional. La suspensión será efectiva 18 de enero 2022, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. Meléndez Mulero                         Conducta
    (TS-7,023)          CP-2016-0020     Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 13 de enero de 2022.

En esta ocasión, nos corresponde ejercer nuestro poder disciplinario para evaluar la conducta del Lcdo. José Rafael Meléndez Mulero. Concluimos que este infringió los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Por eso, ordenamos su suspensión del ejercicio de la abogacía por un año.

I

El licenciado Meléndez Mulero fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980 y a la notaría el 22 de enero de 1981. En <u>In re Meléndez Mulero</u>, 124 DPR 815 (1989), suspendimos a este del ejercicio de la notaría por dos años y lo amonestamos

severamente como abogado. Nuestra determinación se basó en su incumplimiento con rendir ciertos informes notariales y por su inobservancia a nuestras órdenes. Específicamente, el licenciado Meléndez Mulero incumplió con los requerimientos del Director de Inspección de Notarías y con varias resoluciones en las que le ordenamos comparecer ante nosotros. En aquel momento le apercibimos que de incurrir en el futuro en conducta análoga estaría sujeto a medidas disciplinarias más severas.

En cuanto al tracto procesal de este recurso, el 2 de abril de 2008, el licenciado Meléndez Mulero, en representación de la Sra. Ileana Rodríguez Vallejo, presentó una demanda por despido injustificado ante el Tribunal de Primera Instancia, Caso Núm. KPE-2008-01186. El 27 de junio de 2008, a solicitud de dos codemandados, el caso pasó al Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (tribunal federal). Entonces, en vista de que la representación legal de los codemandados presentó una *Moción de paralización de los procedimientos*, el Tribunal de Primera Instancia dictó Sentencia el 3 de julio de 2008. En esta decretó la paralización de los procedimientos y se reservó jurisdicción para reabrir el caso a solicitud de alguna parte.

Luego de varios trámites interlocutorios en el tribunal federal, el licenciado Meléndez Mulero compareció allí por primera vez el 12 de enero de 2009. Solicitó que se le relevara de representar legalmente a la señora Rodríguez Vallejo. En esa misma fecha, ese foro denegó la solicitud e

indicó que no permitiría el relevo hasta que la parte demandante, la señora Rodríguez Vallejo, obtuviera nueva representación legal. Además, el tribunal expresó que la señora Rodríguez Vallejo debía informar que obtuvo una nueva representación en o antes del 2 de marzo de 2009.

Posteriormente el tribunal reiteró que la señora Rodríguez Vallejo debía designar una nueva representación y notificarlo en o antes del 20 de febrero de 2009. Sin embargo, el 12 de febrero de 2009, el tribunal federal, mediante *Opinion and Order,* concedió una solicitud de desestimación de la parte demandada. Cabe destacar que esta solicitud no tuvo oposición de la señora Rodríguez Vallejo ni de su representación legal. Así, el tribunal federal desestimó la causa de acción sin perjuicio.

El 14 de junio de 2010, la señora Rodríguez Vallejo presentó la queja AB-2010-0139, contra el licenciado Meléndez Mulero. Alegó que mantuvo comunicación con el letrado hasta marzo de 2009, cuando este le informó que solicitó una extensión en el caso porque debía radicarlo en el tribunal federal. Señaló que luego de esa fecha, en comunicaciones esporádicas, el licenciado Meléndez Mulero le indicó que todo estaba bien en el caso y que luego se verían en su oficina. Sostuvo que en febrero de 2010, el letrado dejó de contestar sus llamadas y que, al visitar la oficina de este, le decían que no se encontraba. Esto fue así hasta que se comunicó con la oficina el 14 de junio de 2010 y le informaron que el licenciado Meléndez Mulero ya no trabajaba allí.

El 30 de agosto de 2010, el licenciado Meléndez Mulero, en reacción a la queja, expresó que la situación se debió a un malentendido pues instruyó a su asistente que le enviara correspondencia a la señora Rodríguez Vallejo. Alegó que no pudo hacer gestiones para contactar a su clienta personalmente porque tuvo un accidente que lo mantuvo bajo sedantes hasta marzo de 2009. Además, señaló que la señora Rodríguez Vallejo se sometió a varias intervenciones quirúrgicas lo que provocó que perdieran contacto. El letrado arguyó que la causa de acción de la señora Rodríguez Vallejo continuaba vigente y que hizo las gestiones necesarias para el proceso sin que ella tuviese que satisfacer suma alguna.

Respecto a esto, la entonces Procuradora General, por conducto de la Procuradora General Auxiliar, Minnie H. Rodríguez López, le requirió al licenciado Meléndez Mulero el 24 y 28 de marzo de 2014 que explicara en detalle lo expresado y que sometiera prueba al respecto para poder evaluar las alegaciones de la queja. No obstante, el licenciado Meléndez Mulero no sometió escrito alguno. Por eso, la entonces Procuradora General nos informó la falta de colaboración y desatención del letrado. Posteriormente, esta presentó su informe, en el que destacó que la señora Rodríguez Vallejo informó que lo aseverado por el licenciado Meléndez Mulero, en la reacción a la queja, no era correcto. Por ejemplo, la señora Rodríguez Vallejo expresó que no se sometió a los procedimientos quirúrgicos que el licenciado Meléndez Mulero señaló. El informe también tomó en consideración que la señora

Rodríguez Vallejo alegó que el licenciado Meléndez Mulero la llamó para reclamarle y solicitarle que se retractara ante el Tribunal Supremo.

Evaluado el informe que presentó la Procuradora General, emitimos una Resolución en la que ordenamos a la Oficina del Procurador General iniciar un proceso disciplinario. Ante esto, la Procuradora General presentó una querella contra el licenciado Meléndez Mulero. En esta, se imputó que el licenciado Meléndez Mulero infringió los Cánones 9, 12, 18, 19 y 38. Los señalamientos de violaciones a los Cánones 9 y 12, se basaron en que el licenciado Meléndez Mulero desatendió los requerimientos de información de la Oficina del Procurador General, lo que conllevó una dilación innecesaria en el trámite de la queja. A su vez, se atribuyeron infracciones a los Cánones 18 y 19 porque el letrado no ejerció la diligencia necesaria en la protección de los intereses de su clienta y no le mantuvo informada adecuadamente de lo que sucedía en el caso. Por último, se sostuvo que los hechos y la conducta desplegada por el letrado dentro del trámite de la queja demostraban que se infringió el Canon 38.

El 14 de febrero de 2017, el licenciado Meléndez Mulero contestó la querella. Sin especificar fecha, alegó que comunicó a la señora Rodríguez Vallejo el traslado del caso y que no practicaba ante el tribunal federal. Mencionó que luego de la denegatoria del foro federal a su renuncia, realizó gestiones con otros abogados para que representaran

a la señora Rodríguez Vallejo, pero resultaron infructuosas. También aludió que mientras la causa de acción era "viable", "en algún momento" luego de recibir la sentencia, informó a la señora Rodríguez Vallejo que el tribunal federal desestimó la causa de acción sin perjuicio.

Específicamente, el licenciado Meléndez Mulero alegó que el 6 de septiembre de 2010 acompañó a la señora Rodríguez Vallejo a la oficina del Lcdo. Carlos E. Géigel Bunker, y con su anuencia le entregó el expediente del caso a este último, con $600 para sellos y gastos. Expresó que su relación abogado-cliente con la señora Rodríguez Vallejo culminó, a más tardar, ese día. Por eso, a su entender, no incumplió los Cánones 18 y 19 del Código de Ética Profesional, supra. Además, arguyó que no infringió los Cánones 9 y 12 ya que no recibió los requerimientos de la Oficina del Procurador General. Por último, enfatizó que incluyó una declaración jurada del licenciado Géigel Bunker que derrotaba la imputación de infracción del Canon 38.

En ese contexto, designamos al Hon. Carlos Rodríguez Muñiz, exjuez del Tribunal de Apelaciones, como Comisionado Especial. Tras varios incidentes procesales, la vista en su fondo se celebró el 11 de septiembre de 2018. El Comisionado Especial sometió un informe, en el que concluyó que el licenciado Meléndez Mulero violentó los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional, supra. En resumen, sostuvo que el licenciado Meléndez Mulero desatendió los requerimientos de la Oficina del Procurador General, no fue

competente ni diligente en la tramitación del caso, y no mantuvo informada a su clienta. Luego de sopesar la conducta desplegada, así como las circunstancias agravantes y atenuantes, el Comisionado Especial, recomendó que suspendiéramos al licenciado Meléndez Mulero de la práctica de la abogacía por un año.

Las partes no se expresaron respecto al informe. Ante ese hecho, con el informe, el caso quedó sometido para que emitamos la decisión final.

II

A. El Canon 9 del Código de Ética Profesional, <u>supra</u>, codifica el mandato ético de que todo abogado tiene la obligación de atender y obedecer las órdenes del Tribunal y las de cualquier otro foro al que se encuentre obligado a comparecer. <u>In re Valentín Figueroa</u>, 2021 TSPR 139, __ DPR __ (2021). Esta obligación va de la mano con que el comportamiento del abogado debe caracterizarse por el mayor respeto hacia el Tribunal. <u>In re Martell Jovet</u>, 2021 TSPR 117, 207 DPR __ (2021); <u>In re Acevedo Rivera</u>, 2021 TSPR 67, 207 DPR __ (2021). Especialmente cuando se trata de procesos disciplinarios, los integrantes de la profesión legal tienen el deber de responder diligente y oportunamente a nuestros requerimientos y órdenes. <u>In re Martell Jovet</u>, <u>supra</u>; <u>In re Lajara Radinson</u>, 2021 TSPR 111, 207 DPR __ (2021); <u>In re Colón Rivera</u>, 2021 TSPR 19, 206 DPR __ (2021).

Esa responsabilidad ineludible se extiende a los requerimientos de otras entidades públicas que intervienen en

el proceso disciplinario, como lo es la Oficina del Procurador General. In re Malavé Haddock, 2021 TSPR 89, 207 DPR __ (2021); In re Martínez Jiménez, 2021 TSPR 61, 206 DPR __ (2021). "A tales efectos, el profesional legal que asuma una actitud de dejadez y menosprecio a las órdenes tanto de este Tribunal como a las del Procurador General infringe el Canon 9 de Ética Profesional". (Citas omitidas). In re Carmona Rodríguez, 2021 TSPR 50, 206 DPR __ (2021). Esta falta ética es independiente de los méritos que pueda tener la queja presentada contra el abogado. In re Malavé Haddock, supra.

"[D]esatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". (Citas omitidas). In re Jiménez Meléndez, 198 DPR 453, 457 (2017). Además, una afrenta de este tipo constituye una infracción del Canon 9 del Código de Ética Profesional, supra, y es suficiente para decretar la separación inmediata e indefinida de la profesión. In re López Pérez, 201 DPR 123, 126 (2018).

B. Igualmente, los letrados que no comparecen para responder una queja en su contra incurren en conducta impropia contraria al Canon 12 del Código de Ética Profesional, supra. Este Canon impone a los abogados el deber de tramitar las causas encomendadas de manera responsable, puntual y diligente, así como de cumplir estrictamente con nuestras

órdenes. In re Bermúdez Tejero, 206 DPR 86 (2021); In re Rádinson Pérez et al., 204 DPR 522 (2020). Como parte de este cometido ético, los miembros de la profesión legal deben realizar todas las diligencias necesarias para asegurarse de no entorpecer la tramitación y resolución de los casos de sus clientes. In re Lugo Quiñones, 206 DPR 1 (2021); In re Cardona Álvarez, 204 DPR 409, 420 (2020); In re Villalba Ojeda, 203 DPR 572, 578 (2019). Así, las actuaciones y omisiones que pongan en riesgo la causa de acción de los clientes configuran una infracción patente del Canon 12. In re López Santiago, 203 DPR 1015, 1026-1027 (2020); In re Carrasquillo Bermúdez, 203 DPR 847, 858 (2020).

C. El Canon 18 del Código de Ética Profesional, supra, está relacionado estrechamente con lo anterior. Establece que es impropio que un abogado asuma "una representación profesional cuando está [sic] consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia". La obligación de desempeñarse en forma capaz y diligente implica que los togados, al aceptar la representación legal de una persona, realizarán las gestiones encargadas en momento oportuno, adecuadamente y sin dilaciones. In re Rádinson Pérez et al., supra; In re Peña Ríos, 202 DPR 5, 23 (2019).

Hemos reiterado que toda actuación negligente por parte de un letrado, que pueda conllevar, o que conlleve el archivo o desestimación de una causa de acción, configura una afrenta

al Canon 18. In re Lugo Quiñones, supra; In re Torres Rodríguez, 201 DPR 1057, 1068 (2019); In re García Incera, 201 DPR 1043, 1049 (2019). "A esos efectos, un abogado no debe asumir la representación legal de un cliente cuando es consciente de que no podrá rendir sus labores con la competencia y diligencia que los estándares más altos de profesionalismo requieren". In re Cardona Álvarez, supra, pág. 422.

Desatender o abandonar el caso, y permitir que expire el término prescriptivo o jurisdiccional de una causa de acción, así como permitir que la acción se desestime sin realizar esfuerzos para evitarlo, son conductas que constituyen, de su faz, violaciones del deber de diligencia. In re López Santiago, supra, pág. 1027; In re Montalvo Delgado, 196 DPR 542, 552 (2016). Además, aceptar la representación legal de un cliente y luego no realizar las gestiones profesionales adecuadas, como lo es mantener al cliente informado del desarrollo del caso, incumple irremediablemente los postulados básicos del Canon 18. In re Rivera Contreras, 202 DPR 73, 87 (2019); In re Nazario Díaz, 195 DPR 623, 637 (2016); In re Cotto Luna, 187 DPR 584, 589 (2012).

D. Como parte de sus postulados, el Canon 19 del Código de Ética Profesional, supra, compele que "el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Este Canon contiene la norma de que las personas que ejerzan la profesión legal deben sostener una

comunicación eficiente con sus clientes. In re Mondríguez Rivera, 205 DPR 824, 831 (2020); In re González Rodríguez, 201 DPR 174, 210 (2018). Asimismo, los abogados deben informar debidamente al cliente todo asunto importante en la tramitación del caso. In re Carrasquillo Bermúdez, supra, pág. 849; In re Rivera Rodríguez, 202 DPR 1026, 1048 (2019).

Hemos afirmado que este postulado ético impone al abogado el deber unidireccional de comunicación continua con su cliente. In re Cardona Álvarez, supra, pág. 426. Como consecuencia, se infringe el Canon 19 cuando el abogado: no informa al cliente el estatus procesal del caso; se torna inaccesible; no atiende los reclamos de información del cliente, o simplemente le niega información de su caso. In re Carrasquillo Bermúdez, supra, pág. 862; In re Otero Calero, 200 DPR 561, 574 (2018). Además, la falta de diligencia del abogado, que ocasione la pérdida de una causa de acción para el cliente, conforma una transgresión impermisible de este Canon. In re Villalba Ojeda, supra, pág. 580.

E. Por su parte, el Canon 38 del Código de Ética Profesional, supra, enfatiza que en el ejercicio de la abogacía debe prevalecer la dignidad y el honor. In re Stacholy Ramos, 2021 TSPR 102, 207 DPR __ (2021). Al mismo tiempo, instituye el cometido de evitar hasta la apariencia razonable de conducta profesional impropia. In re Villalona Viera, 2021 TSPR 27, 206 DPR __ (2021). En vista de que los abogados reflejan la imagen de la profesión, estos deben conducirse con el más escrupuloso sentido de responsabilidad que fija su función

social. In re Pellot Córdova y otro, 204 DPR 814, 832 (2020); In re Rodríguez Lugo, 201 DPR 729, 738 (2019).

"Aun cuando un abogado es disciplinado por violar otros cánones, también puede ser sancionado por infringir el deber de esforzarse, al máximo de su capacidad, en exaltar el honor y la dignidad de la profesión, según dispuesto en el Canon 38". (Citas omitidas). In re Colón Ortiz, 204 DPR 452, 460 (2020). Véase, además: In re Villalba Ojeda, 193 DPR 966, 975-976 (2015). Nótese que, en nuestro ordenamiento deontológico de la profesión legal, una contravención de otro Canon, por sí sola, no representa una violación del Canon 38 del Código de Ética Profesional, supra. In re Pietri Torres, 201 DPR 583, 599 (2018); In re Rodríguez López, 196 DPR 199, 208-209 (2016).

Pero una misma conducta puede representar el incumplimiento con varios principios éticos. A manera de ejemplo, desatender órdenes del tribunal, con el efecto directo de que se desestime la causa de acción del cliente, atenta contra los principios que busca proteger el Canon 38 del Código de Ética Profesional, supra. In re Stacholy Ramos, supra. Este Canon permite sancionar la conducta éticamente reprochable, aunque esta pudiera subsumirse en otros Cánones. In re Feliciano Rodríguez, 298 DPR 369, 386 (2017); In re Fingerhut Mandry, 196 DPR 327, 333 (2016); In re Pagán Torres, 194 DPR 925, 930 (2016).

"Ciertamente, el carácter imperativo de los deberes enmarcados en el Canon 38 no pueden pasar desapercibidos como

si fueran un concepto etéreo. Por el contrario, el abogado y la abogada deben esforzarse en trabajar al máximo de su capacidad para que ese concepto de Justicia no quede manchado". (Citas omitidas). In re Hoffmann Mouriño, 194 DPR 179, 192 (2015).

### III

Como norma general, las determinaciones del Comisionado Especial que designamos para atender una querella instada contra un abogado merecen deferencia. In re Colón Ortiz, supra, pág. 461. De ordinario sostenemos las conclusiones de derecho del Comisionado Especial a menos que se demuestre prejuicio, parcialidad o error manifiesto. In re Soto Aguilú, 202 DPR 137, 146 (2019). Sin embargo, podemos adoptar, modificar o rechazar el informe del Comisionado Especial. In re Rivera Rodríguez, supra, pág. 1054.

Analizada la normativa aplicable y conforme con el informe del Comisionado Especial, surgen fundamentos suficientes para concluir que las actuaciones del licenciado Meléndez Mulero son contrarias a los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional, supra. Respecto a los Cánones 9 y 12, el licenciado Meléndez Mulero no contestó los requerimientos de información que le cursó la Oficina del Procurador General. Esto retrasó el trámite investigativo de la queja y revela un alto grado de indiferencia a las obligaciones mínimas que acarrea la profesión togada.

Asimismo, no hay duda de que el letrado no ejerció la diligencia necesaria para la protección de los intereses de

su clienta. Tal proceder incide sobre los postulados consignados en el Canon 18 del Código de Ética Profesional, supra. La desatención del licenciado Meléndez Mulero quedó evidenciada por el "docket" del caso ante el tribunal federal y por su omisión en intentar que se continuara ventilando la demanda. Este actuó con indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación del caso que le fue encomendado.

Por otro lado, el letrado contravino el Canon 19 del Código de Ética Profesional, supra, al no mantener debidamente informada a su clienta de lo que sucedía en el caso. No fue hasta después de que la señora Rodríguez Vallejo radicó la queja, que el licenciado Meléndez Mulero le comunicó que el caso se desestimó. El Comisionado Especial determinó que el licenciado Meléndez Mulero le ocultaba la verdad a la señora Rodríguez Vallejo, pues las veces que esta se comunicó con él le decía que se quedara tranquila, que el caso iba bien. También concluimos que la conducta del licenciado Meléndez Mulero reflejó una falta de respeto a la administración de la justicia y a su clienta, contraria al Canon 38 del Código de Ética Profesional, supra.

Justipreciado que el licenciado Meléndez Mulero desatendió los requerimientos de la Oficina del Procurador General, contravino su deber de diligencia, no mantuvo a su clienta informada, ni exaltó la dignidad y el honor de la profesión legal, nos corresponde decidir la sanción disciplinaria que le aplicaremos. A estos efectos, debemos

considerar: el historial del abogado; si goza de buena reputación; si se trata de una conducta aislada; si constituye su primera falta y ninguna parte resultó perjudicada; la aceptación de la falta y su sincero arrepentimiento; el ánimo de lucro que medió en su actuación; el resarcimiento al cliente, y cualquier otro factor pertinente. In re Lajara Radinson, supra; In re Stacholy Ramos, supra; In re Santiago Rodríguez, 2021 TSPR 47, 206 DPR __ (2021).

El Comisionado Especial reconoció que en In re Padilla Avilés, 203 DPR 1 (2019), por violaciones similares, suspendimos a un abogado del ejercicio de la abogacía y la notaría por seis meses. Sin embargo, luego de evaluar la gravedad de la conducta, así como los atenuantes de este caso, nos recomendó que suspendiéramos al licenciado Meléndez Mulero de la práctica de la abogacía por el término de un año. Identificó como atenuantes que el letrado: goza de buena reputación en la comunidad; pagó $600 a nombre de su clienta al abogado que aceptó sustituirlo, y no se demostró que actuó con ánimo de lucro. Por otro lado, el Comisionado Especial detalló que contra el licenciado Meléndez Mulero pesa que: fue suspendido anteriormente con apercebimiento de que de incurrir en conducta análoga estaría sujeto a medidas disciplinarias severas; causó perjuicio a su clienta por la desestimación de la demanda ante el tribunal federal y al no llevar trámite alguno para que los procedimientos continuaran ante el Tribunal de Primera Instancia; la defensa de su conducta fue frívola, y no mostró arrepentimiento alguno,

sino que durante la vista se rió a carcajadas haciendo gestos que demostraron no tener respeto por el proceso.

Ante estas circunstancias, coincidimos con la sanción que recomendó el Comisionado Especial. A tono con lo anterior, suspendemos inmediatamente al licenciado Meléndez Mulero del ejercicio de la abogacía por el término de un año. Le apercibimos que cualquier violación ética futura conllevará sanciones más severas.

El señor Meléndez Mulero deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Igualmente, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Meléndez Mulero a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José R. Meléndez Mulero                                  Conducta
       (TS-7,023)              CP-2016-0020        Profesional

SENTENCIA

En San Juan, Puerto Rico, a 13 de enero de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se suspende inmediatamente al licenciado Meléndez Mulero del ejercicio de la abogacía por el término de un año. Le apercibimos que cualquier violación ética futura conllevará sanciones más severas.

El señor Meléndez Mulero deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándolos. Asimismo, deberá devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Igualmente, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Meléndez Mulero a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco suspendería al Lcdo. José R. Meléndez Mulero por un término de seis (6) meses del ejercicio de la abogacía. El Juez Asociado señor Rivera García no intervino.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo